SHELDON & COMPANY *v.* EMORY UNIVERSITY.

JENKINS, J. 1. To be a good "renewal" of an original suit, so as to suspend the running of the statute of limitations under the Code, § 3-808, the new petition must be substantially the same both as to the cause of action and as to the essential parties. *Ford* v. *Clark*, 75 *Ga.* 612; *Cox* v. *Strickland*, 120 *Ga.* 104 (5), 109 (47 S. E. 912, 1 Ann. Cas. 870); *Cox* v. *East Tenn., Va. & Ga. R. Co.*, 68 *Ga.* 446, 448; *Atlanta &c. Ry. Co.* v. *Wilson*, 119 *Ga.* 781, 784 (47 S. E. 366); *Crane* v. *Barry*, 60 *Ga.* 362; *Floyd* v. *Boyd*, 16 *Ga. App.* 43 (4), 46 (84 S. E. 494). The rule requiring substantial identity of essential parties has been held not to be violated: where a party in the later case is the successor trustee, or other representative, of an original party who occupied the same position as plaintiff or defendant; or where the first suit was dismissed for nonjoinder of one of the representatives of the estate, who is added as a party to the second suit; or where the first suit is brought against two defendants, dismissed as to both, and renewed as to only one; or where the difference is merely as to nominal or unnecessary parties. See *Moody* v. *Threlkeld*, 13 *Ga.* 55 (5); *Clark* v. *Newsome*, 180 *Ga.* 97 (178 S. E. 386); *Atlantic Coast Line R. Co.* v. *Knapp*, 139 *Ga.* 422 (2) (77 S. E. 568); *Greenfield* v. *Farrell Heating &c. Co.*, 17 *Ga. App.* 637 (87 S. E. 912). Where, as in this case, a

former petition was brought, under the Code, § 108-501 et seq., against a defendant as trustee of an alleged beneficiary and trustee, praying for a judgment against the defendant only in such representative capacity and against the described trust property, a petition brought within six months after a dismissal of the first, against the defendant only in its individual capacity, praying only for a general judgment against it, is not a renewal such as will toll the statute of limitations, since it involves a substantially different defendant and shows no exception to the general rule as to the identity of parties.

2. Even if the parties defendant and the cause of action could be accounted the same, the court was correct, under the doctrine of res judicata, in dismissing the present suit after the former action had been dismissed on general demurrer, since under that doctrine the former judgment was conclusive, not only as to all matters that were put in issue, but as to all matters that might have been put in issue in the previous proceeding. Code, § 110-501; *Dodson* v. *So. Ry. Co.*, 137 *Ga.* 583, 585 (73 S. E. 834) ; *Greene* v. *Central of Ga. Ry. Co.*, 112 *Ga.* 859 (38 S. E. 360) ; *Moody* v. *Williams*, 157 *Ga.* 576, 578 (122 S. E. 56).

3. If the parties defendant should be accounted the same, but if the cause of action be taken as different, then and in that event the doctrine of res judicata would not have application; and under the somewhat different rule applicable to estoppel by judgment, only such matters would be precluded by the former judgment as necessarily had to be adjudicated in order for the previous judgment to have been rendered, or else such matters within the scope of the previous pleadings as might or might not have been adjudicated, but are shown by aliunde proof to have been actually litigated and determined. In such a case, where the cause of action is not the same, the order dismissing the second petition would nevertheless be correct, not on the theory that the former adjudication was conclusive, but for the reason that the provisions of the Code, § 3-808, with reference to the tolling of the statute of limitations by the renewal of a suit, would not apply where the former suit was based on a different cause of action.

4. Thus, under the preceding rulings, if either the parties or the cause of action were not the same, the provisions of the Code, § 3-808, as to a renewal of a suit would not operate to toll the statute; and if both the parties defendant and the cause of action were the same, the former judgment would be conclusive. Under any of the three possible contentions, the result would be the same.

*Judgment affirmed. All the Justices concur.*

No. 11784. MAY 18, 1937.

*Walter S. Dillon,* for plaintiffs.
*Tye, Thomson & Tye,* for defendant.