### 46794.   CARROLL COUNTY GAS COMPANY, INC. et al. v. PARKER.

Submitted January 7, 1972—Decided April 4, 1972.

A. *Ed Lane*, for appellants.

*Howe & Howe, Tisinger & Tisinger, David H. Tisinger,* for appellee.

QUILLIAN, Judge. ■ The only enumeration of error is on the overruling of the defense of the statute of limitation. The appellants contend the pleadings show that the tort, if any, occurred at the time the gas tank was improperly disconnected which was more than two years prior to the date the claim was filed. With this contention we cannot agree. In *Chitty v. Horne-Wilson, Inc.*, 92 Ga. App. 716, 719 (89 SE2d 816), the plaintiff filed a suit against the defendants for damages which resulted when the furnace in his home exploded. The explosion occurred some time after the defendants had negligently attempted to repair the plaintiff's furnace. In regard to when the cause of action arose and the statute of limitation began to run the court referring to certain cited cases stated: "But none of the cases

cited shows that the statute of limitations begins to run against a tort action at any time except when the damage from the tortious act was actually sustained by the plaintiff. In this case the statute began to run when the furnace exploded, for it was then that the plaintiff alleges he was injured. This being a tort action for personal injuries the cause of action could not have arisen until the injury was sustained on December 13, 1952. Therefore, the petition was filed within the two years allowed by the statute." See Anno., 4 ALR3d 821, 843.

Therefore, applying that which was held in the *Chitty* case, the statute of limitation did not begin to run in the case sub judice until the explosion occurred.

■ The appellants argue that *Wellston Co. v. Sam N. Hodges, Jr. & Co.,* 114 Ga. App. 424 (151 SE2d 481), is contrary to that which is stated above. The *Wellston* case held that where a building was improperly constructed "the statute of limitations commenced to run when the negligent acts were committed resulting in damage to the plaintiff in that case, the owner, and not when a portion of the building collapsed. This was based on a determination that legal injury to the owner had resulted long before the collapse of the building." *Hunt v. Star Photo Finishing Co.,* 115 Ga. App. 1, 5 (153 SE2d 602). However, the *Chitty* case held that in a personal injury case the cause of action did not accrue until the injury took place.

The appellants also argue that where a tort action is brought against a doctor for malpractice the statute of limitation commences to run at the time the negligent or unskillful act was committed. While this is true under most circumstances, it is not always the case. In *Parker v. Vaughan,* 124 Ga. App. 300 (183 SE2d 605), it was held that the statute of limitation did not begin to run until the patient discovered or should have discovered the surgeon's negligence.

The overruling of the defense of the statute of limitation was not error.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*