### 52581. CORNWELL v. WILLIAMS BROTHERS LUMBER COMPANY et al.

ARGUED SEPTEMBER 13, 1976 — DECIDED OCTOBER 4, 1976.

*G. Hughel Harrison,* for appellant.

*Henning, Chambers & Mabry, Peter K. Kintz, Ronald Arthur Lowry, Shoob, McLain, Merritt & Lyle, M.*

*David Merritt,* for appellees.

DEEN, Presiding Judge.

1. The plaintiff-appellant argues that the two defendant corporations are in reality a single entity, "by virtue of the intermingling of corporate affairs, the interchangeability of employees, the identity, or near identity of officers and directors, and the common use of advertising. . ., and the common listing in public directories, and the use of the same graphic device, known as 'logo'. . ." The evidence of the appellee-lumber company is as follows: The corporations are located in the same building but on different floors leased separately from the landlord; there is no commingling of corporate assets; there are separate banking accounts; separate equipment was maintained; separate tax returns were filed; separate minute books, by-laws and corporate records were maintained; the companies had separate liability insurance policies; separate personnel were employed and separate payrolls maintained; out of eight directors only two are common to both corporations while only three of eight shareholders are common to both. The appellee-lumber company further showed that the truck involved in the accident was owned by the concrete company and was driven by that company's employee.

Nothing in the allegations of the plaintiff's petition, either collectively or individually and construed most favorably in her behalf, is sufficient to demonstrate that the concrete company is the alter ego of the lumber company or vice-versa. *Porter v. Wootten,* 51 Ga. App. 834 (1) (181 SE 866); *Farmers Warehouse of Pelham, Inc. v. Collins,* 220 Ga. 141, 149 (137 SE2d 619). The appellee-lumber company having produced evidence sufficient to negative the bare assertions of the complaint and to show that the plaintiff is not entitled to recover from it under any theory, the granting of summary judgment in its favor was proper. Code Ann. § 81A-156 (b).

2. The concrete company's summary judgment was granted on the basis of the running of the applicable statute of limitation. Code § 3-1004; *Leggett v. Benton Bros. Drayage &c. Co.,* 138 Ga. App. 761. The appellant relies on Code § 3-808 to support her position that refiling the

suit within six months from dismissing the original complaint suspends the effect of the statute. The original suit was filed solely against Williams Brothers Lumber Company; the second suit was filed against both the lumber company and the Williams Brothers Concrete Company. Code § 3-808 may not be used to suspend the running of the statute of limitation as to defendants different from those originally sued. *Sheldon & Co. v. Emory University,* 184 Ga. 440 (191 SE 497); *Floyd & Lee v. Boyd,* 16 Ga. App. 43 (84 SE 494). See also Vari v. Food Fair Stores, 205 A2d 529 (Del. Supreme Court 1964).

Suit being instituted more than two years from the time of the accident, the granting of summary judgment to the concrete company was proper. *Houston v. Doe,* 136 Ga. App. 583, 584 (222 SE2d 131).

*Judgments affirmed. Quillian and Webb, JJ., concur.*