## 59072. SUMLIN v. JONES et al.

DEEN, Chief Judge.

Appellant brought suit against the Joneses for damages for injuries sustained in an automobile accident.

On April 18, 1978, the trial court entered an order stating that the matter had been settled between the parties in the amount of $10,000, that there was a dispute as to distribution of the proceeds between two attorneys who claimed an interest in them, and that the defendants desired to pay the amount of the settlement into the registry of the court as they wished to take no part in the dispute. The trial court ordered the defendants to pay the money into the court's registry as agreed in the settlement and that "they would be excused from any further participation in the litigation." Although there is no evidence in the record, appellant contends that he voluntarily dismissed the suit and refiled it against the Joneses and other named defendants six months later. The second suit included an action for damages against the Joneses arising from the automobile accident. Appellant Sumlin brings this appeal following the trial court's grant of summary judgment in favor of the Joneses.

In ruling on the motion, the court below held that the count against the Joneses was barred by the principle of res judicata, accord and satisfaction and the statute of limitations. We do not believe that the order in the prior case shows an accord and satisfaction. The order shows that a settlement was reached between the parties, but there is no evidence of a satisfaction; the $10,000 was ordered paid into the registry of the court and there is nothing in the record to show that Sumlin ever received the money. There is also no evidence to show that there was a voluntary dismissal of the first action and that the second was filed within six months following a voluntary dismissal of the first. Assuming, but not deciding, that such events did occur, and that appellant could bring such an action, the running of the statute of limitation would not be suspended as to defendants *different* from the ones in the first action, and it would not have run as to the Joneses. See *Cornwell v. Williams Bros. Lumber Co.*, 139 Ga. App. 773 (229 SE2d 551) (1976); Code Ann. § 3-808. However, as there is no evidence to show that the first judgment dismissing the appellees from the lawsuit has ever been set aside or appealed and the order acknowledges that a settlement has been reached, it must

be considered to be a final order and it is res judicata as to any subsequent litigation which asserts the same cause of action against the appellees. *Bowman v. Bowman,* 215 Ga. 560 (111 SE2d 226) (1959).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED JANUARY 10, 1980 — DECIDED FEBRUARY 22, 1980.

*Hirsch Friedman, William T. Gerl,* for appellant.
*Mary Mann, John H. Stanford, Jr., Arnold Wright, Jr., Bruce Duncan, George E. Glaze,* for appellees.