### 62268. COMMERCIAL UNION INSURANCE COMPANY v. WRAGGS et al.

BANKE, Judge.

The appellee was injured in a motor vehicle collision on August 18, 1978, and filed suit against the driver of the other vehicle on August 15, 1980. Service of a second original complaint was perfected on the appellant, her uninsured motorist carrier, on December 9, 1980, almost 28 months after the collision. The appellant moved to dismiss, contending the suit was barred by the statute of limitation. The trial court denied the motion based in part on a finding that the appellee had been unaware that the other driver was uninsured until after the statutory period had expired, and in part on a determination that the cause of action had not arisen until May 23, 1980, the date on which her medical expenses exceeded the $500 threshold amount required for recovery under the provisions of Code Ann. § 56-3410b. We granted appellant's application for an interlocutory appeal from the denial of the motion to dismiss. *Held:*

1. Code Ann. § 3-1004 requires that actions for injuries to the person "shall be brought within two years after the right of action accrues." "The uninsured motorist carrier is not a defendant as such in this litigation. Under the statute, it is entitled to notice of the pendency of the action 'as though . . . named as a party defendant' (Code Ann. § 56-407.1 (d)) because of its potential liability under its insurance policy. Thus, while not actually a defendant, though it could defend the case in its own name, the uninsured motorist carrier has a strong financial interest in the litigation. As such, it is entitled to notice of the pendency of the action on the same basis as though a defendant." *Vaughn v. Collum,* 136 Ga. App. 677, 679 (222 SE2d 37) (1975).

Applying Georgia law in a factually similar case, the Fifth Circuit Court of Appeals, in White v. Wright, 566 F2d 990 (5th Cir. 1978), held that because the plaintiff had not even attempted to serve the uninsured motorist carrier until almost five months after the statute of limitation had run, subsequent service on the carrier did not relate back to the date of filing the complaint against the individual defendant. Assuming without deciding that the

amendment provisions of Code Ann. § 81A-115 (c) apply where an insurance carrier is brought into an action by service of a second original, there is no suggestion that the provisions of that code section have been fulfilled in this case. The language of the statute is as follows: "An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." From the trial court's order, it appears that the appellee herself was unaware that the defendant tortfeasor was uninsured until after the statute had run, and there is no evidence which would authorize a conclusion that the appellant knew or should have known more about the situation than she. The appellant was entitled to plead the bar of the statute of limitation as a defense. Accord *Moulden Supply Co. v. Rojas,* 135 Ga. App. 229 (217 SE2d 468) (1975); White v. Wright, supra.

2. We next consider the trial court's ruling that the appellee's cause of action did not arise until she crossed the "serious injury" threshold requirement of medical expenses exceeding $500. See Code Ann. § 56-3410b and 56-3402b (j). Assuming *arguendo* that the $500 "no-fault" threshold is applicable to uninsured motorist claims, we hold that it does not affect the date on which the cause of action arises. A contrary ruling would effectively repeal that statute of limitation in automobile accident cases, or would at least give the plaintiff inordinate flexibility in determining when the cause of action arose. The appellee's cause of action arose on the date of the collision in which her injuries were sustained. See *Everhart v. Rich's, Inc.,* 229 Ga. 798 (2) (194 SE2d 425) (1972); *Carroll County Gas Co. v. Parker,* 126 Ga. App. 27 (1) (189 SE2d 913) (1972); *Dowling v. Lester,* 74 Ga. App. 290 (2) (39 SE2d 576) (1946).

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 8, 1981 —
REHEARING DENIED SEPTEMBER 18, 1981.

*Richard A. Brown, Jr.,* for appellant.
*Roger B. Lane, Randall M. Clark,* for appellee.