64307. SPEER, INC. v. MANIS.

SHULMAN, Presiding Judge.

Appellee brought a personal injury action against International House of Pancakes, Inc., alleging that she was injured through the negligence of the defendant. That suit, which was brought only days before the expiration of the statute of limitation, was voluntarily dismissed by appellee some nine months later. Within six months of the dismissal, appellee brought the same action against the same defendant in the same court. Approximately four months after refiling the suit, appellee moved the trial court to accept an amendment adding appellant, the franchisee operating the particular restaurant in which appellee alleged she was injured, as a party defendant. The trial court allowed the amendment. Appellant filed defensive pleadings raising, among other defenses, the statute of limitation. We granted appellant's application for an interlocutory

appeal to review the trial court's denial of appellant's motion for summary judgment based on that defense.

Appellant relies on this court's pronouncement in *McCoy Enterprises v. Vaughn,* 154 Ga. App. 471 (268 SE2d 764), to the effect that Code Ann. § 3-808 (OCGA § 9-2-61) does not permit one to maintain a renewal action against one who was not a defendant in the original action. Appellee counters with the argument that the interplay of the renewal statute and Code Ann. § 81A-115 (c) (OCGA § 9-11-15 (c)) prevents the bar of the statute of limitation. At the heart of that argument is the assumption that the amendment adding appellant as a defendant related back to the date of the first complaint filed in this case. That assumption is the fatal flaw in appellee's position.

CPA § 15 (c) provides for the relation back of an amendment to "the date of the original pleading." We interpret the phrase "original pleading" to mean the pleading being amended. In the present case, the pleading being amended was the second complaint. When that complaint was filed, the statute of limitation had already run as to appellant.

Although the procedural posture of the present case is different from that in *McCoy Enterprises,* supra, and in *Cornwell v. Williams Bros. Lumber Co.,* 139 Ga. App. 773 (229 SE2d 551), the principle of those cases applies equally to the present case: "Code § 3-808 may not be used to suspend the running of the statute of limitation as to defendants different from those originally sued. [Cits.]" Id., p. 775. We do not believe that appellee can do indirectly, through the use of § 81A-115, what she would not be permitted to do directly. She could not have filed the second action against appellant because the statute of limitation had run; she may not now retroactively avoid the bar of the statute of limitation by amending her second complaint. While it is true that § 81A-115 (c) is intended "to ameliorate the impact of the statute of limitation" *(Rich's, Inc. v. Snyder,* 134 Ga. App. 889, 892 (216 SE2d 648)), we do not accept that it was intended to render statutes of limitation completely toothless.

Since appellant was not added as a defendant to a suit filed within the applicable period of limitation, appellant was entitled to a judgment in its favor. The trial court's denial of appellant's motion for summary judgment was error.

*Judgment reversed. Quillian, C. J., and Carley, J., concur.*

Decided November 19, 1982.

*Richard M. Young, Lorraine D. Hess,* for appellant.

*J. Alfred Johnson,* for appellee.