### 67401. WAGNER v. CASEY.

BIRDSONG, Judge.

In December, 1974, appellant Gloria H. Wagner filed an action in the Superior Court of DeKalb County against appellee Fite H. Casey, Jr., d/b/a Triangle Liquor Store (Casey) for injuries allegedly sustained on December 22, 1973, while she was a customer at the store. That action was dismissed without prejudice by operation of law under the "five-year rule" of former Code Ann. §§ 3-512 (OCGA § 9-2-60) and 81A-141 (e) (OCGA § 9-11-41 (e)). The action was renewed and refiled on June 2, 1980, pursuant to former Code Ann. § 3-808 (OCGA § 9-2-61) against Casey in the Superior Court of Bartow County, his current residence. On September 9, 1980, Casey filed a motion for summary judgment based upon his affidavit that at no time did he own, operate or control the premises where the alleged injury occurred, and that at all pertinent times the property upon which the business was located and operated was owned by Casey Enterprises, Inc., as evidenced by a described warranty deed dated on August 2, 1972. On March 7, 1983, appellant filed a motion for leave to amend and to add as an additional party defendant Casey Enterprises, Inc. The trial court granted this motion on March 18,

1983, and on April 7, 1983, Casey and Casey Enterprises filed a motion for summary judgment based in part on the ground that the applicable statute of limitation had expired, and that the renewal statute (OCGA § 9-2-61 (Code Ann. § 3-808)) was ineffective because the instant action was not commenced within six months of the date of the dismissal of the first action. This appeal is from the grant of that motion. *Held:*

1. The affidavit of Fite Casey, Jr., which was submitted in support of his motion for summary judgment was undisputed that he had no individual operation or control over the property on which the alleged injury occurred, nor superior right to possession so as to establish liability within the purview of OCGA § 51-3-1 (former Code Ann. § 105-401). See *Amear v. Hall,* 164 Ga. App. 163 (2) (296 SE2d 611). Since appellant failed to establish any breach of duty owed to her by Casey individually, summary judgment as to him was proper. *Daniel v. Ga. Power Co.,* 146 Ga. App. 596 (2) (247 SE2d 139).

2. Pretermitting any issue as to whether the second action was filed within the six month renewal period allowed by OCGA § 9-2-61 (Code Ann. § 3-808), is the question of appellant's contention that the interaction of the renewal statute with the amendment provisions of CPA Rule 15 (c) (OCGA § 9-11-15 (c) (Code Ann. § 81A-115)) permits the addition of a new party to the second lawsuit which would otherwise be barred by the statute of limitation. OCGA § 9-3-33 (former Code Ann. § 3-1004) requires that personal injury actions be brought within two years of the date of the injury. The alleged injury here occurred on December 22, 1973. If the suit was filed on December 2, 1974, as stated by appellant, under the exercise of the five-year rule it was dismissed without prejudice by operation of law on December 3, 1979. See *Ga. Power Co. v. Whitmire,* 146 Ga. App. 29 (I) (b) (245 SE2d 324). However, even if the suit was timely recommenced under OCGA § 9-2-61 (Code Ann. § 3-808) against Casey on June 2, 1980, the amendment seeking to add Casey Enterprises, Inc. as a defendant was not filed until March 7, 1982, and both of these dates are outside the two-year statute of limitation.

This court has recently considered and rejected appellant's argument that the statute of limitation is tolled in such a situation: "CPA § 15 (c) provides for the relation back of an amendment to 'the date of the original pleading.' We interpret the phrase 'original pleading' to mean the pleading being amended. In the present case, the pleading being amended was the second complaint. When that complaint was filed, the statute of limitation had already run as to [Casey Enterprises, Inc.]" *Speer, Inc. v. Manis,* 164 Ga. App. 460, 461 (297 SE2d 374). Thus, the renewal statute "may not be used to suspend the running of the statute of limitation as to defendants

different from those originally sued." *Cornwell v. Williams Bros. Lumber Co.,* 139 Ga. App. 773, 775 (229 SE2d 551); see also *McCoy Enterprises v. Vaughn,* 154 Ga. App. 471 (268 SE2d 764). The fact that the original suit was dismissed by operation of law rather than voluntarily by the appellant does not preclude this result. "Although the procedural posture of the present case is different . . . the principle of those cases applies equally to the present case." *Speer, Inc. v. Manis,* supra, p. 461. Therefore summary judgment was properly granted in favor of both defendants.

*Judgment affirmed. McMurray, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 12, 1984.

*W. Fred Orr II, James G. Edwards II,* for appellant.
*Robert L. Pennington, Daniel S. Reinhardt, Kevin C. Greene,* for appellee.