## 68360. CITY OF FAYETTEVILLE v. FAYETTE COUNTY.

Banke, Presiding Judge.

This is a dispute over an increase in rates for water service provided by Fayette County to the City of Fayetteville. In April of 1966, the parties entered into a written contract for a 40-year period, whereby the county agreed to provide water service to the city at a specified rate. The agreement specified that "if any disagreement shall arise with reference to the construction of this contract, or with reference to any matter connected with same, such disagreement or dispute shall be submitted immediately to and decided by arbitrators."

The original water rate was modified by written supplemental agreements in April of 1976 and November of 1978. In May of 1979, the county passed an ordinance again increasing the rate to the city but without obtaining another supplemental agreement. The county contends that this increase was authorized under prior contract provisions, while the city contends that the increase should have been negotiated. The matter was duly submitted to arbitration, and the arbitrators ruled in favor of the county. Thereafter, the county filed suit to enforce the arbitration ruling or, in the alternative, to recover on the contract. The trial court held the arbitration ruling to be binding on the parties and awarded summary judgment to the county. The city appeals. *Held*:

1. The city contends that the contract is null and void in that it purported to cede away the legislative authority of the two local governments to set water rates by tying those rates to requirements set by a federal agency, the Farmers Home Administration. The establishment of water rates by a municipality is a legislative or governmental power. See *City of Warm Springs v. Bulloch*, 212 Ga. 149 (1) (91 SE2d 13) (1956). Although the county was required to submit to certain conditions imposed by the Farmers Home Administration regarding the setting of water rate schedules, the increased rates to the city were established by contract and by county ordinance, not by the Farmers Home Administration or by the arbitrators. The Georgia Constitution expressly provides that counties or municipalities may contract with each other for a period of time not exceeding 50 years for the provision of services. See Ga. Const., Art. 9, Sec. 3, Par. 1. By entering into such an agreement, the city did not thereby cede away its legislative authority to establish its own rates.

2. The city contends that the trial court erred in awarding summary judgment to the county because an issue of fact remained as to whether the third arbitrator was disinterested and impartial. Partisanship on the part of an arbitrator is a ground for setting aside an arbitration award. See *Blum v. Blum*, 242 Ga. 718 (251 SE2d 246)

(1978); *Edwards v. Employers Mut. Liab. Ins. Co.*, 219 Ga. 121 (132 SE2d 39) (1963). See also OCGA § 9-9-11. The city asserted this defense in its answer to the complaint, and the county presented no evidence whatever to refute the city's allegation.

On a motion for summary judgment the plaintiff, as movant, has the burden of establishing the absence or non-existence of any defense raised by the defendant. Accord *Jones v. Howard*, 153 Ga. App. 137 (2) (264 SE2d 587) (1980); *Duke Enterprises v. Espy*, 140 Ga. App. 527 (231 SE2d 522) (1976). Since the county failed to carry its burden of negating the defense that the arbitration award was unlawful due to partiality on the part of the arbitrators, the trial court erred in granting its motion for summary judgment. The case of *Locklear v. Payne*, 124 Ga. App. 845 (4) (186 SE2d 439) (1971) is not authority for a contrary conclusion, for although the court noted therein that the defendant had not produced any evidence of fraud, accident or mistake in opposition to the plaintiff's motion for summary judgment, an examination of the record reveals that no defense of fraud, accident, or mistake had been raised by the defendants in their pleadings, nor had such an issue been raised on appeal.

3. The remaining enumerations of error are rendered moot by the foregoing.

4. The county's motion for damages for a frivolous appeal is perforce denied.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED MAY 15, 1984.

*Thomas J. McHugh, Jr.*, for appellant.
*Robert M. Mahler, William R. McNally*, for appellee.