## 70299. JEFFERSON PILOT FIRE & CASUALTY COMPANY
## v. BURGER et al.
### (336 SE2d 591)

Deen, Presiding Judge.

On October 5, 1981, the appellees, Sharon and David Burger, were involved in an automobile collision with William Beavers. They commenced this negligence action against Beavers on September 22, 1982, seeking damages for personal injuries and loss of consortium. When service could not be perfected on Beavers, it was discovered that he had died on March 10, 1982. On September 22, 1983, G. Cleveland Payne was granted permanent letters of administration for Beavers' estate. On September 27, 1983, the Burgers amended and restated their complaint to name the administrator as party defendant, and service on Payne as administrator was perfected. After discovering that Beavers had been uninsured at the time of the collision, on December 28, 1983, the Burgers served Jefferson Pilot Fire and Casualty Company (Jefferson Pilot) as an uninsured motorist carrier pursuant to OCGA § 33-7-11 (d).

Jefferson Pilot answered the complaint and asserted the defense of statute of limitations. Both Jefferson Pilot and the Burgers moved for partial summary judgment on that issue, and this appeal followed from the trial court's grant of the Burgers' motion and denial of Jefferson Pilot's motion. *Held*:

In a tort case in which an uninsured motorist carrier is an interested party, the insurer must be served within the time allowed by law for valid service upon the defendant in the action. *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416) (1976). OCGA § 9-3-93 provides that "[t]he time between the death of a person and the commencement of representation upon his estate . . . shall not be counted against creditors of his estate, provided that such time does not exceed five years. . . ." OCGA § 9-3-98 renders OCGA § 9-3-93 applicable to tort actions. Accordingly, under the above authority, the trial court correctly found that the statute of limitations had been tolled for over 18 months (from March 10, 1982, until September 22, 1982), and that Jefferson Pilot was timely served.

*Judgment affirmed. Banke, C. J., McMurray, P. J., Pope and Benham, JJ., concur. McMurray, P. J., Carley and Pope, JJ., concur specially. Birdsong, P. J., Sognier and Beasley, JJ., dissent.*

Pope, Judge, concurring specially.

I concur fully in Presiding Judge Deen's opinion. I write to respond to the dissent's central point that no reason exists for tolling the statute of limitation in regard to the uninsured motorist carrier in the event of the death of the uninsured motorist before said motorist is served. The unarticulated assumption underlying the dissent's rea-

soning is that the plaintiffs in this case knew or had means to discover the defendant's status as an uninsured motorist before service was perfected on the defendant. It seems clear to me that one might not know or be able to discover this fact prior to suit, especially where the defendant has died. It is only after suit has commenced and discovery is made that many plaintiffs discover the defendant's status as an uninsured motorist, and thus the necessity of bringing the uninsured motorist carrier into the suit. Such a situation appears in the instant case.

As the dissent points out, if the defendant is alive and available to be served, late service on the carrier because the plaintiff did not discover the uninsured status of the defendant within the two-year statute of limitation is ordinarily not sufficient to allow relation back of service on the carrier to the original date of service on the defendant. See *Commercial Union Ins. Co. v. Wraggs*, 159 Ga. App. 596 (284 SE2d 19) (1981). However, where the defendant is dead, until someone is appointed to tend to the defendant's affairs, a plaintiff has no reliable means to ascertain whether insurance coverage existed or not. This is the situation recognized and provided for by OCGA §§ 9-3-93 and 9-3-98. For the protection of the motoring public, the legislature enacted the uninsured motorist statute. The statute creates a hybrid, joining separate legal entities, the uninsured motorist and the carrier, for the purposes of the statute. The joinder, as in the case of Siamese twins, is unnatural and unwelcome. While respecting the individual nature of the parties so joined, we cannot ignore the fact of joinder. In the case at bar, justice is served and the policy of affording protection to those harmed by uninsured motorists is furthered by recognizing that the tolling of the statute of limitation as against an uninsured motorist in the event of the death of the uninsured motorist must necessarily toll the statute in regard to the uninsured motorist carrier.

I am authorized to state that Presiding Judge McMurray and Judge Carley join in this special concurrence.

BEASLEY, Judge, dissenting.

The court's opinion does not seem to be wholly consistent with the holdings of this court and the Georgia Supreme Court in *Vaughn v. Collum*, 136 Ga. App. 677 (222 SE2d 37), aff'd, 236 Ga. 582 (224 SE2d 416) (1976). The majority finds *Vaughn* controlling and relies upon the language of the Supreme Court in holding that the insurance carrier in an uninsured motorist claim should be served "within the time allowed by law for valid service upon *the defendant* in the case." 236 Ga. 582-83. (Emphasis supplied.) However, it does not appear that the Supreme Court meant to set out a test which simply asks whether, at the time service is perfected upon the carrier, service

could still be perfected upon the uninsured motorist under applicable law. As a matter of fact, the personal attributes or circumstances of the uninsured motorist were regarded as not affecting the liability of the carrier. The court cited *Wilkinson v. Vigilant Ins. Co.*, 236 Ga. 456 (224 SE2d 167) (1976), wherein the bankruptcy of the uninsured motorist did not relieve the insurer. *Wilkinson* would support the proposition that the two had separate identities and interests in the lawsuit. *Vaughn* simply announced that the lawsuit would be regarded as a tort action with respect to both the uninsured motorist and the plaintiff's insurer, even though the ultimate basis for the insurer's liability was its contract with the plaintiff. Inasmuch as the insurer is "the real party in interest" when the complaint alleges negligence by the uninsured motorist, the insurer's defense will be geared to meeting that challenge, not asserting non-coverage under the contract. Thus the Court reasoned that the tort statute of limitations, which applied to the uninsured motorist, would apply as well to the insurance company. But this was because it was a tort action rather than a contract action. It was the nature of the action, not the personal circumstances of the uninsured motorist defendant, that controlled which statute of limitations applied. The court was emphasizing that since the insurance carrier is the real party in interest in a case against an uninsured motorist, and since the carrier and the uninsured motorist have identical interests in investigating and defending the tort claim, the tort statute of limitations should apply as to such claims against both the defendant/motorist and the carrier. Thus the use of the definite article in the court's holding.

The Court of Appeals held in *Vaughn* that an insurance carrier could avail itself of the statute of limitations "as though *a* defendant." (Emphasis supplied.) 136 Ga. App. at 679. This interpretation is consistent with the statutory requirement of OCGA § 33-7-11 (d) that the carrier be served notice "as though the insurance company were actually named as *a* party defendant. . . ." (Emphasis supplied.) The Supreme Court did not disturb this interpretation by its use of the definite article to establish a separate point.

The question presented in the present appeal, i.e., whether the tolling of a statute of limitations as against the estate of an uninsured motorist is also tolled as against the insurance carrier, is not resolved by *Vaughn* but is a matter requiring further analysis.

Although the uninsured motorist and the insurance carrier have common interests in investigating and defending the tort case, they are not identical. For example, while the carrier may assert any defense available to the uninsured motorist, it may also assert defenses personal to it in challenging its status as defendant. *State Farm Mut. Auto. Ins. Co. v. Glover*, 113 Ga. App. 815 (149 SE2d 852) (1966); *Strickland v. English*, 115 Ga. App. 384 (154 SE2d 710) (1967). Not

only are the two parties distinct, but also they are strangers. The insurance company contracted with the plaintiff, not the defendant. In the present case, there is no evidence in the record that the carrier, which is plaintiffs' own insurer, had any notice whatsoever of the accident which is the basis of this suit until well over two years after it occurred. Nor is there any evidence that plaintiffs did not know, nor could have discovered through investigation, such as at court or through the Department of Public Safety, that Beavers was an uninsured motorist. They allege that he was driving under the influence of alcohol and committed other traffic violations at the time of the collision.

OCGA § 9-3-93 operates to suspend the running of the statute of limitations against claims of creditors of the decedent's estate. It is made applicable to tort claims by operation of OCGA § 9-3-98. The purpose of the two statutes is to protect plaintiffs who could not perfect service upon a defendant because of his death and the resulting gap before the appointment of an administrator. But this hiatus relates only to that defendant and would not provide an excuse for not timely notifying the insurer, because the reason service is not made earlier on the tortfeasor is because it cannot be done. He is dead and there is no one to represent him. The reason for tolling the statute does not exist as to the carrier, which was existent and available all along. The remedy provided by the statute is specific, applying to creditors "of [decedent's] estate." There is no reason to extend this abeyance relief as to other defendants or, in this case, to other parties in interest with respect to whom the impediment does not exist. This is particularly true because tolling is detrimental to the insurer, who is thereby even further removed in time from the occurrence it will be bound to investigate. Besides, the tolling statute relates to the time for bringing actions and serving defendant, not to the time for notifying the carrier as required by OCGA § 33-7-11 (d). The carrier is not a defendant insofar as the notice is concerned; it is to be served only "as though [it] were actually named as a party defendant."

This court has previously held, in construing a different tolling statute, that the applicable statute of limitations will not be tolled as against a party not specified or implied in the tolling statute itself. In *Speer, Inc. v. Manis*, 164 Ga. App. 460 (297 SE2d 374) (1982), the plaintiff served the original defendant before the statute of limitations had run and then voluntarily dismissed the action. After the statute had run, but within six months of the dismissal, the plaintiff refiled against the same defendant in the same court as permitted by Code Ann. § 3-808 (OCGA § 9-2-61). Four months later, he attempted to amend his complaint so as to add a new defendant. This court, in reversing the denial of the new defendant's motion for summary judgment, held that the amendment did not relate back to the date of the

original pleading. The plaintiff argued that Code Ann. § 81A-115 (c) (OCGA § 9-11-15) provides that the amendment relates back to the original pleading, and that by operation of the tolling statute (Code Ann. § 3-808 (OCGA § 9-2-61)) the original pleading was the complaint filed before the statute of limitations had run. In rejecting plaintiff's argument, the court said: "While it is true that § 81A-115 (c) is intended 'to ameliorate the impact of the statute of limitation' . . . we do not accept that it was intended to render statutes of limitation completely toothless." Id. at 461. Thus, a plaintiff may not avail himself of the interaction of the voluntary dismissal tolling statute (Code Ann. § 3-808) and the statute on relation back of amendments (Code Ann. § 81A-115) in order to make the statute of limitations toll as against a defendant not served at the time of the original complaint. Accord *Wagner v. Casey*, 169 Ga. App. 500 (313 SE2d 756) (1984).

In *Cornwell v. Williams Bros. &c. Co.*, 139 Ga. App. 773 (229 SE2d 551) (1976), the plaintiff had voluntarily dismissed an action pursuant to Code Ann. § 3-808 (OCGA § 9-2-61). In his renewed cause of action, however, the plaintiff named an additional defendant. The new defendant could properly assert the statute of limitation as a bar; the tolling statute did not apply to the claim asserted against him. In order for a tolling statute to be imputed to a separate, late-served defendant, there must be a substantial identity of both the claim and the defendant. Id.; *Sumlin v. Jones*, 153 Ga. App. 585 (266 SE2d 274) (1980); *Sheldon & Co. v. Emory Univ.*, 184 Ga. 440 (191 SE 497) (1937).

Although in the present case the claim against the uninsured motorist and the carrier is identical in that it is the tort claim, yet the two entities themselves are not identical and have somewhat different interests. That much was made clear in *Vaughn*, supra, in which this court held that the doctrine of relation back does not apply to the uninsured motorist cases in which the carrier is served after the statute of limitations has run, even though the defendant/uninsured motorist was served within the statutory period. The United States Court of Appeals for the Fifth Circuit, while refusing to hold that the doctrine of relation back can never apply in an uninsured motorist case, correctly interpreted *Vaughn* to mean that late service upon an uninsured motorist carrier does not relate back to the service upon the motorist/defendant in those cases in which no effort is made to serve the carrier within the time allowed. *White v. Wright*, 566 F2d 990 (1978); accord *Commercial Union Ins. Co. v. Wraggs*, 159 Ga. App. 596 (284 SE2d 19) (1981).

OCGA § 9-11-15, the general statute concerning relation back of amendments as to addition or substitution of parties, requires that the amended claim relate to the original transaction or occurrence,

and that "the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits . . ." Id.

The significance of *Vaughn, White,* and OCGA § 9-11-15 as they pertain to the present case, is that the courts and the legislature have refused to identify late-served insurers with parties served before expiration of the statute of limitations absent either a "substantial identity of the parties" or some form of notice to the late-served insurer in order to eliminate any possible prejudice in defending on the merits. "[T]he very purpose of statutes of limitation [is] to provide finality in litigation. See *Ga. Farm Bureau Mut. Ins. Co. v. Musgrove,* 171 Ga. App. 639 (1) (320 SE2d 776) (1984)." *Bryant v. Allstate Ins. Co.,* 254 Ga. 328 (326 SE2d 753) (1985).

Where, as in the present case, the parties are essentially strangers and there was no effort to notify the late-served insurance company prior to the running of the statute, it is entitled to the law's protection against stale claims.

The underlying principle with respect to service of process is due diligence, and the burden is on the plaintiff to exhibit it. OCGA § 9-11-4 (c). *Siler v. Johns,* 173 Ga. App. 692 (327 SE2d 810) (1985).

This case is in the posture of summary judgment, and I do not believe the record demonstrates that plaintiffs are entitled to summary judgment on the subject of service of process on their insurer, the party against whom they seek to recover. *City of Fayetteville v. Fayette County,* 171 Ga. App. 13 (2) (318 SE2d 757) (1984).

I am authorized to state that Presiding Judge Birdsong and Judge Sognier join in this dissent.

DECIDED OCTOBER 18, 1985.

*Ward D. Hull,* for appellant.

*Roy E. Barnes, John T. Perren, G. Cleveland Payne III,* for appellees.