77680. PATTERSON v. ROSSER FABRAP INTERNATIONAL, INC.
77764. SCOTT v. ROSSER FABRAP INTERNATIONAL, INC.
(379 SE2d 787)

POPE, Judge.

Appellants Patterson and Scott were injured on February 2, 1984, when the 50-foot metal scaffolding they were using in connection with the renovation of a building came into contact with a high-voltage electric power line. On January 30, 1986, shortly before the statute of limitation ran on their negligence actions, appellants filed their complaints for damages against several parties. Over the next several weeks, they amended their complaints several times, adding other

parties involved in either the renovation of the building or in the manufacture of equipment used in the project. One of the parties named was the engineering firm of Rosser White Hobbs Davidson McClelland Kelly, Inc. (hereinafter "Rosser") which, appellants contended, was employed as the architect on the project.

Rosser was served on February 13, 1986; it timely filed its answers, denying the allegations of appellants' complaints, on March 3, 1986. On April 23, 1987 Rosser filed its motions for summary judgment, together with supporting affidavits, in which it contended that it was not employed as the architect on the project and owed appellants no duty of care with regard to the scaffolding. Rosser also averred that Fabrap Architects, Inc. was the architect on the project. The record shows that in January 1987 Rosser merged with Fabrap Architects, Inc. (hereinafter "Fabrap"); the firm then became known as Rosser Fabrap International, Inc. (hereinafter "Rosser Fabrap"). On May 31, 1987, appellants filed their dismissals without prejudice as to defendant Rosser.

On November 16, 1987, appellants filed their third amended complaint naming Rosser Fabrap, as the successor corporation to Fabrap, as a party defendant. Rosser Fabrap filed its answer on December 8, 1987, admitting that Fabrap was employed as the architect on the project, but raising the defense that appellants' claims against Fabrap were barred by the applicable statute of limitation. Rosser Fabrap also filed motions for summary judgment based on this defense, which the trial court granted on June 2, 1988.

Appellants argue that since they were entitled to "renew" their actions against Rosser within six months of the dismissal of their original complaints against it pursuant to OCGA § 9-2-61, that they were then entitled to file their renewal actions against Rosser Fabrap as the successor corporation to Rosser (see OCGA § 14-2-216 (b)), and the trial court erred in concluding that Rosser Fabrap was entitled to summary judgment based on the expiration of the period of limitation.

"To be a good 'renewal' of an original suit, so as to suspend the running of the statute of [limitation] . . . the new petition must be substantially the same both as to the cause of action and *as to the essential parties.* [Cits.] The rule requiring substantial identity of essential parties has been held not to be violated: where a party in a later case is the successor trustee, or other representative, *of an original party* who occupied the same position as plaintiff or defendant; . . ." (Emphasis supplied.) *Sheldon & Co. v. Emory Univ.*, 184 Ga. 440 (1) (191 SE 497) (1937). Appellants' renewal actions in the cases at bar were filed against Rosser Fabrap as the successor corporation to Fabrap Architects, not the engineering firm of Rosser White Hobbs Davidson McClelland Kelly, Inc., the original party defendant.

"[OCGA § 11-2-61] may not be used to suspend the running of the statute of limitation as to defendants different from those originally sued. [Cits.]" *Cornwell v. Williams Bros. &c. Co.*, 139 Ga. App. 773, 775 (229 SE2d 551) (1976). See also *Wagner v. Casey*, 169 Ga. App. 500 (2) (313 SE2d 756) (1984). Inasmuch as Fabrap Architects was never a party to the original suit, appellants cannot maintain their "renewal" actions against it in light of the expiration of the two-year statute of limitation applicable to actions of this kind. Consequently, the trial court did not err in granting Rosser Fabrap's motions for summary judgment.

*Judgments affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 27, 1989 —
REHEARING DENIED MARCH 9, 1989 — 

*George P. Graves, E. Graydon Shuford,* for appellants.
*J. Michael Welch, Larry S. McReynolds, Charles G. Morris,* for appellee.