A89A1715. REEDY v. FISCHER.

(388 SE2d 759)

McMURRAY, Presiding Judge.

On December 17, 1987, Ryan D. Fischer, b/n/f and father Gary E. Fischer, and his parents, Gary E. Fischer and Barbara S. Fischer, in their own capacities, brought this medical malpractice action against Kathryn W. Collier, M. D., Frances R. Reedy, executrix of the estate of John C. Reedy, M. D., and The Emory Clinic. The action was a renewal of a previous action which was dismissed voluntarily within the preceding six months. It should be noted, however, that in the original action, neither John C. Reedy, nor his estate, was named as a party defendant.

The complaint in the renewal action alleged that on or about January 6, 1983, Ryan D. Fischer (who was five months old at that time) was treated by Drs. Collier and Reedy; that, in their care and treatment of Ryan Fischer, Drs. Collier and Reedy acted within the scope of their agency and employment with The Emory Clinic; that Drs. Collier and Reedy treated Ryan Fischer negligently; and that, as a direct result of the negligence of Drs. Collier and Reedy, Ryan Fischer suffered severe and permanent injuries. Defendants answered the complaint, denying any liability to plaintiffs and setting forth, inter alia, a statute of limitation defense.

Thereafter, defendant Reedy moved for partial summary judgment, pointing out that the parents' claim to recover the medical expenses of their minor child expired before the renewal action was filed. Defendant Reedy did not seek summary judgment with regard to the child's own action for injuries and future medical expenses after the age of majority. (Concerning the distinction between the claim of the parents and the claim of the minor child, see *Rose v. Hamilton Med. Center,* 184 Ga. App. 182 (361 SE2d 1).) The trial court denied defendant Reedy's motion for partial summary judgment, certifying its ruling for immediate review. We granted defendant Reedy's application for an interlocutory appeal. *Held:*

"Code § 3-808 [OCGA § 9-2-61] may not be used to suspend the running of the statute of limitation as to defendants different from those originally sued. *Sheldon & Co. v. Emory University*, 184 Ga. 440 (191 SE 497); *Floyd & Lee v. Boyd*, 16 Ga. App. 43 (84 SE 494). See also *Vari v. Food Fair Stores*, 205 A2d 529 (Del. Supreme Court 1964)." *Cornwell v. Williams Bros. Lumber Co.*, 139 Ga. App. 773, 774 (2), 775 (229 SE2d 551). Inasmuch as neither John C. Reedy, nor the estate of John C. Reedy, was named as a party defendant in the original action, the renewal action could not be brought against defendant Reedy to evade the statute of limitation bar. *Cornwell v. Williams Bros. Lumber Co.*, supra. Compare *Rich's, Inc. v. Snyder*, 134 Ga. App. 889 (216 SE2d 648), with *Beaver v. Steinichen*, 182 Ga. App. 303 (355 SE2d 698). See also *Wagner v. Casey*, 169 Ga. App. 500, 501 (2) (313 SE2d 756).

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 27, 1989.

*Allen & Ballard, William L. Ballard, E. Jane Simpson*, for appellant.

*Blank & LaChance, A. Russell Blank*, for appellee.