A00A0478. COOK v. REGIONAL COMMUNICATIONS, INC.
(539 SE2d 171)

SMITH, Presiding Judge.

Sheila Cook appeals from the trial court's grant of Regional Communications, Inc.'s motion to dismiss her Verified Petition for Judicial Dissolution and Interlocutory Injunction.[1] We conclude that the trial court properly granted Regional Communications's motion to dismiss. Because Cook was not a shareholder in Regional Communications at the time her petition was filed, she did not have standing to institute a petition for judicial dissolution. Her complaint there-

---

[1] Cook's original petition did not include a verification; it was included in her amended petition.

fore failed to state a claim upon which relief could be granted.

The record shows that Regional Communications was incorporated in July 1997 as a close corporation under OCGA §§ 14-2-901 through 14-2-943. Cook and Michael Jackson were the sole shareholders, with each holding 50 percent of the stock. After a dispute between Cook and Jackson, Jackson filed suit against Cook in April 1998, seeking damages and injunctive relief. The parties entered into an agreement in settlement of this action on April 20, 1998. Pursuant to the agreement, Cook tendered all of her shares in the corporation to Jackson. On May 22, 1998, Jackson changed the name of the corporation to Regional Communications, Inc. Contending that Jackson breached the agreement by continuing to pursue his legal action against her, Cook attempted to rescind the tender of her shares in the corporation and filed this petition seeking dissolution of the corporation.

Cook contended below and still contends on appeal that the agreement required Jackson to abandon legal action against her and that continuing to press the action breached their agreement, entitling her to the return of her shares in the corporation. Contending that she is still a shareholder in the corporation but did not receive notice of the amendment to the articles changing the name of the corporation or vote to change its name, Cook argues she is entitled to bring a petition for judicial dissolution under OCGA § 14-2-1430.

A motion to dismiss may be granted only when the complaint establishes that the plaintiff is not entitled to relief under any facts that could be proved. *Croxton v. MSC Holding*, 227 Ga. App. 179, 180 (489 SE2d 77) (1997). We review the trial court's ruling de novo. Id.

OCGA § 14-2-1430 sets forth the grounds for judicial dissolution. It provides that a superior court may dissolve a corporation in a proceeding brought by the Attorney General of Georgia, a shareholder, or a creditor. As a threshold matter, since Cook is obviously not the attorney general and is not a creditor, her standing to bring a petition for judicial dissolution depends upon establishing her status as a shareholder. Cook admits she relinquished all her shares in the corporation. Her status as a shareholder therefore turns on the question of whether Jackson breached the agreement and is holding Cook's shares unlawfully.

Cook contends that she delivered her shares in reliance upon the settlement agreement and that the agreement required Jackson to abandon the legal action against her. The agreement, however, does not recite that it is in settlement of any legal action or that Jackson is required to abandon such legal action. Further, it provides that the agreement, as written, is the entire agreement between the parties and that "no other agreement, oral or written, shall have any effect." It is well established that such a merger clause precludes the admis-

sion of parol evidence to add to, take from, or vary the written contract. *Choice Hotels Intl. v. Ocmulgee Fields*, 222 Ga. App. 185, 186-187 (1) (474 SE2d 56) (1996).

Because the agreement does not bar legal proceedings or even mention them, we cannot conclude that Jackson breached the agreement by continuing his action against Cook. And since Cook relinquished her shares to Jackson under the agreement, he holds them lawfully and Cook is not a shareholder in the corporation. It follows that under no set of facts can Cook prove she meets the threshold statutory requirements for bringing a petition for judicial dissolution. The trial court did not err in granting Jackson's motion to dismiss.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JUNE 21, 2000 —
RECONSIDERATION DENIED JULY 10, 2000 ▮▮▮▮▮▮▮▮▮

*Power & Westbury, Warren R. Power, Leanne P. Cooper*, for appellant.

*Harrison & Harrison, Stephen P. Harrison*, for appellee.