## A02A0448. SOLEY v. DODSON.
(569 SE2d 870)

MIKELL, Judge.

On January 3, 1999, Clarence Dodson, a Houston County sheriff's deputy, responded to a radio call for assistance from a Georgia State Patrol officer who was pursuing a fleeing motorist. Dodson activated his patrol car's blue lights and drove toward the chase. In doing so, Dodson collided with the back of a vehicle in which Michelle Soley was a passenger. Soley was injured and, on June 9, 2000, filed a negligence claim against Dodson in the State Court of Houston County.

---

Soley dismissed the case without prejudice on March 12, 2001, and filed this action on March 15, 2001, in the Superior Court of Houston County, naming Dodson as a defendant both individually and in his capacity as deputy sheriff.

The trial court granted Dodson's motion for summary judgment because (1) although Soley's claim against him in his individual capacity related back to the original filing under the renewal statute, Dodson was personally immune from suit because his response to an emergency call was a discretionary action for purposes of official immunity,[1] and (2) the claim against Dodson in his capacity as deputy sheriff was barred by the statute of limitation. Soley appeals. We agree with the reasoning of the trial court and affirm.

Soley's arguments address the trial court's grant of summary judgment on the grounds of the expiration of the statute of limitation. Soley does not contest the trial court's grant of summary judgment to Dodson in his individual capacity on the grounds of official immunity, and so we will not consider that issue.[2] To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law.[3] Our review is de novo.[4]

The collision giving rise to Soley's cause of action occurred on January 3, 1999, and this action was filed on March 15, 2001. Accordingly, the two-year statute of limitation acts as a bar absent an exception.[5] Soley claims that the renewal statute, OCGA § 9-2-61, allowed her to refile this action within six months of her dismissal of the original action regardless of the expiration of the statute of limitation. OCGA § 9-2-61 (a) provides:

When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or

---

[1] *Cameron v. Lang*, 274 Ga. 122, 123 (1) (549 SE2d 341) (2001).

[2] See Court of Appeals Rule 27 (c) (2).

[3] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[4] *Walker v. Virtual Packaging*, 229 Ga. App. 124 (493 SE2d 551) (1997).

[5] OCGA § 9-3-33.

discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

"To suspend the running of the statute of limitation in a renewal action, the cause of action must be substantially the same as in the original action."[6] There must also be a substantial identity of essential parties.[7] The parties in the original and renewal action can differ in certain circumstances.

> The rule requiring substantial identity of essential parties has been held not to be violated: where a party in the later case is the successor trustee, or other representative, of an original party who occupied the same position as plaintiff or defendant; or where the first suit was dismissed for non-joinder of one of the representatives of the estate, who is added as a party to the second suit; or where the first suit is brought against two defendants, dismissed as to both, and renewed as to only one; or where the difference is merely as to nominal or unnecessary parties.[8]

But a person's individual and representative capacities may not be substantially identical. For purposes of renewal, a defendant sued in his capacity as trustee, and against the trust property, is substantially different from the defendant sued in his individual capacity.[9] Similarly, while a suit against Dodson in his individual capacity seeks a recovery from Dodson, a suit against Dodson in his capacity as deputy sheriff seeks a recovery from the employing county: "Suits against public employees in their official capacities are in reality suits against the state and, therefore, involve sovereign immunity."[10] It follows that Dodson in his individual capacity is not substantially identical to Dodson in his capacity as deputy sheriff.[11]

Soley admits in her brief that she initially sued Dodson in his individual capacity. This is consistent with the record. The original complaint lists the defendant simply as "Clarence Dodson, Jr." and contains no language to suggest a claim other than against Dodson personally. Although OCGA § 9-11-9 (a) provides that it is not neces-

---

[6] *Burns v. Dees*, 252 Ga. App. 598, 607 (1) (d) (557 SE2d 32) (2001).

[7] *Sheldon & Co. v. Emory Univ.*, 184 Ga. 440 (1) (191 SE 497) (1937).

[8] Id.

[9] See id. at 441 (1).

[10] (Punctuation omitted.) *Cameron*, supra at 126 (3). See *Gilbert v. Richardson*, 264 Ga. 744, 750 (4) (452 SE2d 476) (1994).

[11] See *Colvin v. McDougall*, 62 F3d 1316, 1318 (11th Cir. 1995) ("We stress as much as we can that the difference between an official capacity suit and an individual capacity suit is a big difference.").

sary for a plaintiff to aver the capacity of a defendant to defend an action in a representative capacity, the statute applies to the issue of legal capacity and not to a failure to specify the defendant.[12] Soley argues that the first suit nevertheless put Dodson on notice of a cause of action against him in his official capacity. In notice pleading, "[t]he test to be applied in determining whether the complaint states a specific claim for relief under which the plaintiff may recover is whether on its four corners the complaint places the defendant on notice of the claim against him."[13] The concept of notice pleading is also applicable in determining whether the issues in an original complaint are substantially identical to those in a renewal action.[14] But the methodology used in identifying claims raised by a lawsuit is not the same as determining the parties to the suit. Soley could have sued Dodson in his official capacity before the expiration of the statute of limitation, but she did not, and cannot maintain a renewal action against a party not named in the original complaint.[15] "[T]he renewal statute may not be used to suspend the running of the statute of limitation as to defendants different from those originally sued."[16] Accordingly, Soley's action against Dodson in his capacity as deputy sheriff is barred by the statute of limitation.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JULY 1, 2002 —
RECONSIDERATION DENIED JULY 29, 2002 

*Carl A. Veline, Jr., Waymon S. Harrell*, for appellant.

*Cruser & Mitchell, William T. Mitchell, Deana S. Johnson, Downey & Cleveland, Russell B. Davis, Alan J. Gibson, Sherman E. Moody III*, for appellee.

---

[12] See *Benschoter v. Shapiro*, 204 Ga. App. 56, 57-58 (2) (418 SE2d 381) (1992).

[13] (Punctuation omitted.) *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 597 (370 SE2d 843) (1988).

[14] See *Bertone v. Wilkinson*, 213 Ga. App. 255 (444 SE2d 576) (1994).

[15] *McCoy Enterprises v. Vaughn*, 154 Ga. App. 471, 472 (268 SE2d 764) (1980).

[16] (Punctuation omitted.) *Wagner v. Casey*, 169 Ga. App. 500, 501-502 (2) (313 SE2d 756) (1984).