A04A0268. BROWN v. J. H. HARVEY COMPANY.
(601 SE2d 808)

BARNES, Judge.

Lucille Brown appeals the dismissal of her complaint against the J. H. Harvey Company (the "Harvey Company") because the statute of limitation had expired and because her action was barred by res judicata and collateral estoppel. She contends the trial court erred by granting the motion to dismiss because it erroneously interpreted the interplay between the renewal statute, OCGA § 9-2-61, and the relation back statute, OCGA § 9-11-15. Finding no error, we affirm.

1. We review the trial court's ruling on a motion to dismiss under the de novo standard of review. See *Cook v. Regional Communications,* 244 Ga. App. 869, 870 (539 SE2d 171) (2000).

2. The evidence shows that Brown alleges that she was injured on August 23, 1999, when she fell in one of J. H. Harvey's stores. On August 15, 2001, she filed a complaint against Harvey's Supermarkets, Inc. Then, on October 5, 2001, Brown dismissed that complaint.

---

Subsequently, on October 29, 2001, Brown filed a complaint against the Harvey Company, seeking damages for the injuries she suffered on August 23, 1999. On motion of the Harvey Company the trial court dismissed this complaint finding that it failed to state a claim upon which relief could be granted because the applicable statute of limitation, OCGA § 9-3-33, barred the action. In her brief to this court, Brown concedes that the trial court's dismissal of the complaint was proper.

Thereafter, Brown filed a second complaint against Harvey's Supermarkets on January 25, 2002, pursuant to OCGA § 9-2-61, the renewal statute. On August 23, 2002, Harvey's Supermarkets answered the complaint and moved to dismiss it because of Brown's failure to join the Harvey Company as a party and also because venue against Harvey's Supermarkets was not proper. On that date, Harvey's Supermarkets also moved to dismiss the complaint because it failed to state a claim upon which relief could be granted, as the statute of limitation had expired and the second complaint was not a proper renewal action. Brown then, apparently without notice to the Harvey Company, moved to add the Harvey Company as a defendant pursuant to OCGA § 9-11-21 on October 22, 2002. The trial court granted this motion on December 3, 2002.

Brown amended her complaint on January 23, 2003, to assert her claim against the Harvey Company. On March 5, 2003, the Harvey Company answered asserting a statute of limitation defense, contending that the complaint was not a proper renewal action, and asserting that the action was barred by the doctrines of res judicata, collateral estoppel, estoppel by judgment, and stare decisis. The Harvey Company also filed a motion to dismiss Brown's complaint because it failed to state a claim upon which relief could be granted. Finding that Brown could not use the renewal statute to suspend the running of the statute of limitation against a new party and that the doctrine of res judicata barred the action, the trial court dismissed this action on July 29, 2003. This appeal followed.

Citing *Rich's, Inc. v. Snyder*, 134 Ga. App. 889 (216 SE2d 648) (1975), Brown contends the trial court erred by dismissing her complaint because she properly renewed her action against Harvey's Supermarkets and then properly added the Harvey Company as a defendant. She further contends that her complaint relates back to her original complaint because she satisfied the requirements of OCGA § 9-11-21, about misjoinder or nonjoinder of parties. Brown's reliance on *Rich's, Inc. v. Snyder* is misplaced because that case was not a renewal action.

The law in this State is quite clear: "OCGA § 9-2-61 may not be used to suspend the running of the statute of limitation as to defendants different from those originally sued. [Cits.]" *Reedy v.*

*Fischer,* 193 Ga. App. 684, 685 (388 SE2d 759) (1989). Accord *Soley v. Dodson,* 256 Ga. App. 770, 773 (569 SE2d 870) (2002); *Patterson v. Rosser Fabrap Intl.,* 190 Ga. App. 657, 658-659 (379 SE2d 787) (1989); *Wagner v. Casey,* 169 Ga. App. 500, 501 (2) (313 SE2d 756) (1984); *Cornwell v. Williams Bros. &c. Co.,* 139 Ga. App. 773, 775 (229 SE2d 551) (1976). Therefore, Brown's complaint against the Harvey Company was barred by the expiration of the statute of limitation, and the trial court did not err by dismissing her complaint because it did not state a complaint upon which relief could be granted.

3. Further, the trial court was also correct in finding that Brown's complaint against the Harvey Company was barred by the doctrine of res judicata. Her earlier action against the Harvey Company on this identical claim was dismissed because it failed to state a claim upon which relief could be granted. As this was a decision on the merits, the doctrine of res judicata bars a subsequent lawsuit on this claim. OCGA § 9-12-40; see *Sheldon & Co. v. Emory Univ.,* 184 Ga. 440, 441 (2) (191 SE 497) (1937).

Applying OCGA § 9-12-40,

> the doctrine of res judicata provides that a final judgment of a court of competent jurisdiction is conclusive between the parties and bars a subsequent action between the same parties on the same subject matter. Res judicata will bar a plaintiff's action if the plaintiff has brought another action based on the same subject matter, the plaintiff had a full and fair opportunity to litigate the other action, the other action resulted in an adjudication on the merits, *and* the other action was against the same defendant or its privy. Three elements are necessary to establish res judicata: (a) identity of the parties; (b) identity of the cause of action; and (c) prior adjudication on the merits of the action by a court of competent jurisdiction.

(Punctuation and footnotes omitted; emphasis in original.) *Kaylor v. Rome City School Dist.,* 267 Ga. App. 647 (600 SE2d 723) (2004). The previous case between these parties met the first two criteria, and the dismissal of the action was a decision on the merits. *Black v. Knight,* 231 Ga. App. 820 (499 SE2d 69) (1998).

Therefore, notwithstanding the statute of limitation issue, dismissal of Brown's complaint was correct.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JULY 2, 2004.

*Charles W. Lamb, Jr.,* for appellant.

*Gardner, Willis, Sweat & Goldsmith, Christopher T. Ross*, for appellee.