JOHN JANES VARI, Plaintiff Below, Appellant, v. FOOD FAIR STORES, NEW CASTLE, INC., a corporation of the State of Delaware, Defendant Below, Appellee.

(*December* 2, 1964)

WOLCOTT and CAREY, Justices, and MARVEL, Vice ·Chancellor, sitting.

*David B. Coxe, Jr.,* of Coxe, Booker, Wall & Cobin, and *Sidney Balick,* of Aerenson & Balick, for plaintiff below, appellant.

*Albert L. Simon,* for defendant below, appellee.

Supreme Court of Delaware, No. 58, Civil Action, 1964.

CAREY, Justice.

This appeal from the Superior Court seeks reversal of an order granting summary judgement to the defendant because ·suit was instituted after the period allowed by our statute of limitations, 10 *Del. C.* Sec. 8118. Plaintiff contends that his case falls within 10 *Del. C.* Sec. 8117(a), which provides certain exceptions to the operation of the limitations statute. For present purposes, it is sufficient to quote the following portion of Sec 8117(a):

"If in any action duly commenced within the time limited therefor in this chapter, * * * the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any manner of form * * * a new action may be commenced, for the same cause of action, at any time witnin 1 year after the abatement or other determination of the original action* * *."

Plaintiff allegedly sustained personal injuries on September 28, 1959 at a store operated by the present defendant, Food Fair Stores, New Castle, Inc., a corporation of Delaware. He filed suit on September 7, 1960 against Food Fair Stores Corporation, a separate corporation. At that time Sec. 8118 required suit to be brought within one year from the date of alleged personal injuries. After the one-year period had expired, Food Fair Stores Corporation moved for summary judgement on the ground that it did not own or operate the store at which plaintiff was injured. Plaintiff thereupon moved, under Superior Court Rule 15(a), *Del. C.* Ann., to amend his complaint by substituting Food Fair Stores New, Castle, Inc. as defendant in that case. The motion was granted by the Superior Court but its action was reversed by this Court and judgement was entered for the defendant. *Food Fair Stores Corporation v. Vari,* Del., 191 A.2d 257.

After the entry of final judgement in the original action, plaintiff instituted this second suit, in which the correct corporation is party defendant. The Superior Court granted defendant's motion for summary judgement, holding that Sec. 8117(a) is applicable only in instances where the second suit is against the same party defendant.

We do not understand plaintiff to disagree with the basic principle that a savings statute such as Sec. 8117(a) does not apply when the new action is brought against a different defendant than was the first one. We are not aware of any Delaware decision which has heretofore considered this principle, but we are convinced that it is sound. It is supported by the overwhelming weight of authority. *Luft v. Factory Mutual Liability Ins. Co.,* 51 R.I. 452, 155 A. 526, 83 A.L.R. 745; *Sheldon & Co. v. Emory University,* 184 Ga. 440, 191 S.E. 497; and *Town of Clendenin ex rel. Fields. v. Ledsome,* 129 W. Va. 388, 40 S.E.2d 849; 34 Am.Jur. 232; 54 C.J.S. Limitations of Actions Sec. 293, p. 362.

There are cases to be found in which the Courts have applied the protection of similar statutes where the defendant was a different person but, as far as we can find, they have invariably been instances where the change in parties was nominal, or the second defendant was a

successor in interest. Many cases are cited in the annotation in 3 A.L.R. 826. Some examples are these: the second defendant was the sucessor administrator; the second defendant was the executor of the first one; the second defendant was a corporation which resulted from the merger of the first defendant and another corporation; the second defendant purchased the assets and assumed the liabilities of the first defendant, a corporation.

Plaintiff contends that, for present purposes, these two defendants should be treated as one because both corporations have the same resident agent and at least two officers in common. This contention we cannot accept. Practically the same argument was advanced in the earlier case on the motion to substitute parties and was rejected by this Court. *Giles v. Rodolico,* 1 Storey 143, 51 Del. 143, 140 A.2d 263, is not of material interest here, as it involved no change of parties.

We agree with plaintiff's suggestion that Sec. 8117(a) should be liberally construed in order that disputes may be decided upon their merits. *Gosnell v. Whetsel,* Del., 198 A.2d 924. We cannot, however, under the guise of construction, create additions to or exceptions from a statute which are not expressly or impliedly included therein. *Williams v. Penn R. R. Co.,* D.C., 91 F.Supp. 652, and *Hernan v. American Bridge Co.,* 6 Cir., 167 F. 930, cited by plaintiff, are not persuasive. Both were applications to amend as to which the Courts have considerable discretion. Even if we were to assume that Sec. 8117(a) permits the exercise of discretion, this Court's prior decision in 191 A.2d settles the matter.

The decision of the Superior Court must be affirmed.