Dennis A. REID, Plaintiff
Below–Appellant,

v.

Alenia SPAZIO, Alcatel Alenia Space
Italia S.p.A. (f/k/a Alenia Spazio) and
Finmeccanica S.p.A., Defendants Be-
low–Appellees.

No. 199, 2008.

Supreme Court of Delaware.

Submitted: Jan. 14, 2009.
Decided: April 9, 2009.

Ian Connor Bifferato, Esquire and David W. deBruin, Esquire of Bifferato Gentilotti LLC, Wilmington, Delaware; Of Counsel: Derek Y. Brandt, Esquire of SimmonsCooper LLC, East Alton, Illinois, and Andrea Bierstein, Esquire and Thomas I. Sheridan, III, Esquire (argued) of Hanly Conroy Bierstein Sheridan Fisher & Hayes, LLP, New York, New York, for appellant.

Allen M. Terrell, Jr., Esquire and Harry Tashjian, IV, Esquire of Richards, Layton & Finger, P.A., Wilmington, Delaware; Of Counsel: John P. Cooney, Jr., Esquire (argued), George Sirignano, Esquire, and Tatiana Martins, Esquire of Davis Polk & Wardwell, New York, New York, for appellees.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices, constituting the Court en Banc.

RIDGELY, Justice.

Plaintiff–Appellant Dennis Reid appeals from the Court of Chancery's dismissal of his complaint against Defendant–Appellees on grounds that it was barred by the applicable statute of limitations and by laches. Reid makes two arguments on appeal. First, he contends that his claim is preserved by the Delaware Savings Statute.[1] Second, he contends that his claim is not barred by laches. We find that Reid's claim is preserved by the Delaware Savings Statute and that the Court of Chancery erred in dismissing the complaint. Accordingly, we reverse.

## I. Facts and Procedural History

This matter arises out of a joint venture between U.S. Russian Telecommunications LLC ("USRT"), a Delaware limited liabili-

---

1. 10 *Del. C.* § 8118(a).

ty company, and Alenia Spazio, Alcatel Alenia Space Italia, S.p.A. (f/k/a Alenia Spazio) and Finmeccanica, S.p.A. (collectively, the "Appellees"), Italian companies, to pursue a business opportunity assisting Russia in replacing its aging and obsolete commercial satellites. Reid alleges that in late 1999, the Appellees conspired to breach and did breach the joint venture agreement and appropriated this opportunity for themselves, cutting USRT out of the venture entirely. This was accomplished by the formation, by the Appellees' agents and alleged co-conspirators, of a new Delaware entity, USRT Holdings LLC ("Holdings").

Reid, a minority shareholder of both USRT and Holdings, brought suit in Texas on his own behalf and derivatively on behalf of the companies. Reid's initial complaint, filed on May 16, 2001 in federal court in the Southern District of Texas, was dismissed by agreement of the parties on March 6, 2002 for lack of diversity sufficient for federal subject matter jurisdiction. On March 11, 2002, Reid filed suit against Appellees in state court in Harris County, Texas. Appellees moved for a special appearance to contest personal jurisdiction. Finding a sufficient basis for jurisdiction, the Harris County District Court denied Appellees' motion on March 13, 2003. Appellees filed an interlocutory appeal to the Fourteenth Court of Appeals of Texas. On December 23, 2003, that court reversed the trial court and ordered the case remanded with instructions to dismiss the claims against Appellees for lack of personal jurisdiction.[2] Reid moved for rehearing *en banc*, which the Texas appellate court denied on April 8, 2004.

Reid then petitioned the Supreme Court of Texas for review of the intermediate appellate court's order. The court denied that petition on August 26, 2005 and, on March 10, 2006, also denied Reid's motion for rehearing. The case was then remanded to the trial court, which entered an order of dismissal on April 11, 2006.[3] On June 8, 2006, Reid petitioned the United States Supreme Court for a writ of *certiorari*. His petition was denied on October 2, 2006.[4]

On April 9, 2007, just over six months after the denial of his certiorari petition, Reid commenced this action in the Court of Chancery, relying on Title 10, section 8118(a), the Delaware Savings Statute. Appellees moved to dismiss the action as time-barred and on personal jurisdiction grounds. The Court of Chancery granted the motion. The court explained that, although the action might be timely under the fourth prong of the Savings Statute, it was prohibited by the sixth prong, which, it found, better fit the facts of this case. Applying the sixth prong, the court found that the one-year grace period during which Reid could file a timely action in Delaware expired on March 10, 2007, one year after the Supreme Court of Texas denied Reid's motion for rehearing and one month before the present action was commenced. The Court of Chancery further held that the affirmative defense of laches also barred Reid's claim, because the claim would be barred by the statute of limitations and there were no mitigating circumstances. In addition, the court noted the length of time between the challenged conduct and the filing of the action

---

**2.** *See Alenia Spazio, S.p.A. v. Reid*, 130 S.W.3d 201, 222–23 (Tex.App.2003), *cert. denied*, 549 U.S. 821, 127 S.Ct. 136, 166 L.Ed.2d 36 (2006).

**3.** *See Reid v. USRT Holdings LLC*, No. 2002–12305, 2006 WL 4009596 (Tex.D.Ct. Apr. 11, 2006)

**4.** *Reid v. Alenia Spazio, S.p.A.*, 549 U.S. 821, 127 S.Ct. 136, 166 L.Ed.2d 36 (2006)

**180**

as well as the inevitability of some prejudice to Appellees' ability to put forward a defense.[5]

Because it held the action was time-barred, the court did not reach the issue of personal jurisdiction.[6]

## II.

### Reid's claim is preserved by the Savings Statute.

■ Reid's action arises out of conduct that allegedly occurred in 1998 or 1999. There is no dispute that Delaware's three-year statutory limitations period for Reid's claim has expired.[7] Reid contends that his claim is nevertheless timely because it was preserved by the Savings Statute,[8] and that the Court of Chancery erred in finding otherwise. The Court of Chancery's interpretation of a statute of limitations is a question of law, which we review *de novo*.[9]

A. *Delaware's Savings Statute is given a broad and remedial construction.*

■ Delaware's Savings Statute provides exceptions to the applicable statute of limitations in certain instances where the plaintiff has filed a timely lawsuit, but is procedurally barred from obtaining a resolution on the merits.[10] Delaware first

enacted such a statute in 1829. By the time Delaware's laws were codified in 1852, the statute had assumed a form substantially similar to our modern Savings Statute.[11] Currently, the Savings Statute is codified in Title 10, section 8118(a), which provides as follows:

> If in any action duly commenced within the time limited therefor in this chapter, [1] the writ fails of a sufficient service or [2] return by any unavoidable accident, or [3] by any default or neglect of the officer to whom it is committed; or [4] if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or [5] if after a verdict for the plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which vitiates the proceedings; or [6] if a judgment for the plaintiff is reversed on appeal or a writ of error; a new action may be commenced, for the same cause of action, at any time within one year after the abatement or other determination of the original action, or after the reversal of the judgment therein.[12]

■ The Savings Statute reflects a public policy preference for deciding cases on their merits.[13] This Court has recog-

---

**5.** *Reid v. Siniscalchi*, 2008 WL 821535, at *9–12 (Del.Ch. Mar.27, 2008).

**6.** *Id.* at *12–13 & n. 85.

**7.** *See* 10 *Del. C.* § 8106 (providing a three-year statute of limitations of general applicability).

**8.** *See* 10 *Del. C.* § 8118(a).

**9.** *Christiana Care Health Servs. Inc. v. Crist*, 956 A.2d 622, 629 (Del.2008); *LeVan v. Independence Mall, Inc.*, 940 A.2d 929, 932 (Del. 2007); *Leatherbury v. Greenspun*, 939 A.2d 1284, 1288 (Del.2007); *Colonial Ins. Co. of Wisc. v. Ayers*, 772 A.2d 177, 179 (Del.2001).

**10.** *See Vari v. Food Fair Stores, New Castle, Inc.*, 205 A.2d 529, 530 (Del.1964); *Gosnell v. Whetsel*, 198 A.2d 924, 926 (Del.1964)

**11.** *Compare* 7 Del. Laws 266 (1829) *and Del. C. 1852* § 2752 *with* 11 *Del. C.* § 8118(a).

**12.** 10 *Del. C.* § 8118(a) (bracketed numbers added to reflect the "prongs" used by the Court of Chancery).

**13.** *Vari*, 205 A.2d at 531; *Gosnell*, 198 A.2d at 927; *Howmet Corp. v. City of Wilmington*, 285 A.2d 423, 427 (Del.Super.1971); *Bishop v. Wilds' Adm'r*, 1 Del. (1 Harr.) 87 (Del.Super.1832)

nized that "[the statute] confers upon litigants an absolute right to file a new action under certain conditions, and that one of those conditions is not leave of court." [14] The statute is remedial in nature and is liberally construed. [15] Although a court may not graft additions or limitations onto the statute "under the guise of construction," we have held that it is to be construed by giving due consideration to notions of equity. [16]

## B. Section 8118(a) encompasses discretionary appeals.

■ At issue in this case is whether discretionary appeals are encompassed within the sixth prong of the Savings Statute. If the sixth prong includes discretionary appeals, then Reid's claim was timely filed in Delaware. [17] The Court of Chancery held that the statute was tolled during discretionary appeals, but did not include discretionary appeals to the United States Supreme Court. [18] Reid argues that the same considerations that compelled the trial court's conclusion that the Savings Statute should apply to discretionary appeals within the judicial system—discouraging placeholder lawsuits, judicial economy, and defendant's awareness of plaintiff's intention to press his claims—apply with equal force to discretionary appeals to the United States Supreme Court. He asserts that the court erred by distinguishing between the two types of discretionary appeals, and that the grace period

provided by Section 8118(a) should not commence until *all* appeals are resolved, including appeals as of right and those dependent upon a higher court's discretion. Appellees contend that the grace period should be tolled only during the pendency of appeals as of right.

We previously explained in *Gosnell v. Whetsel*[19] "that [Section 8118(a)] is designed to allow a plaintiff . . . one year to file a second cause of action following a final judgment adverse to his position if such judgment was not upon the merits of the cause of action." Therefore, we held that the commencement of the grace period was tolled during the defendant's appeal. However, appeals from adverse final determinations in civil actions in the Superior Court and the Court of Chancery are taken as of right to this Court. Consequently, *Gosnell* did not specifically address the effect of discretionary appeals on the grace period. Thus, the issue before us is one of first impression in Delaware.

We hold that the Delaware Savings Statute applies with equal force to discretionary appeals. Section 8118(a) is better interpreted to suspend the running of the grace period during the pendency of *all* appeals, for several reasons. First, the Savings Statute has a remedial purpose and is to be liberally construed. Second, allowing a plaintiff to bring his case to a full resolution in one forum before starting the clock on his time to file in this State will discourage placeholder suits, thereby

---

**14.** *Giles v. Rodolico*, 140 A.2d 263, 266 (Del. 1958).

**15.** *See Gosnell*, 198 A.2d at 927; *see also Vari*, 205 A.2d at 531; *Howmet*, 285 A.2d at 427.

**16.** *Vari*, 205 A.2d at 531; *see Giles*, 140 A.2d at 267.

**17.** Reid's petition for writ of certiorari to the United States Supreme Court was denied on October 2, 2006. Reid's Delaware action was

filed April 9, 2007, within the one-year grace period.

**18.** As the Court of Chancery noted, references to "tolling" the Savings Statute's operation may be somewhat inapt; instead, the question of when the grace period begins to run is answered by determining when "abatement or other determination" or "reversal" occurs under the statute.

**19.** 198 A.2d at 926.

furthering judicial economy. Prosecuting separate, concurrent lawsuits in two jurisdictions is wasteful and inefficient. Third, the prejudice to defendants is slight because in most cases, a defendant will be on notice that the plaintiff intends to press his claims. These considerations apply with equal force whether the appeal is discretionary or of right. We find no persuasive reason to draw a line which excludes petitions for writ of *certiorari* to the United States Supreme Court.[20] Therefore, Reid's complaint was timely under the sixth prong of the Savings Statute and the Court of Chancery erred when it dismissed the complaint as barred by the statute of limitations.[21]

## III.

### The affirmative defense of laches does not appear on the face of the complaint.

Reid next contends that the Court of Chancery erred in concluding that his claim was barred by laches. This issue was raised on Appellees' motion to dismiss; therefore, we review *de novo* to determine whether the trial judge erred as a matter of law in formulating or applying legal precepts.[22] We must draw all reasonable factual inferences in favor of the plaintiff. Dismissal is appropriate only if it appears "with reasonable certainty that, under any set of facts that could be proven to support the claims asserted, the plaintiff would not be entitled to relief." [23]

Laches is an equitable defense born from the longstanding maxim "equity aids the vigilant, not those who slumber on their rights." [24] Although there is no hard and fast rule as to what constitutes laches, it is generally defined as an unreasonable delay by the plaintiff in bringing suit after the plaintiff learned of an infringement of his rights, thereby resulting in material prejudice to the defendant.[25] Therefore, "laches generally requires the establish-

---

20. Only four courts have directly addressed the issue of the effect of the certiorari procedure on the applicable savings statute. Although three of the four have concluded that the grace period does not toll while a petition to the United States Supreme Court is pending, the *ratio decidendi* of these cases is that such appeals are discretionary. Because the Delaware Savings Statute applies to discretionary appeals, these cases are not persuasive. *Compare Grider v. USX Corp.*, 847 P.2d 779, 783–85 (Okla.1993) (holding grace period allowed by Oklahoma savings statute does not begin until after a decision is made by U.S. Supreme Court) *with Owens v. Hewell*, 222 Ga.App. 563, 474 S.E.2d 740, 742 (1996) (holding petition for writ of certiorari to U.S. Supreme Court does not toll Georgia savings statute because such review is discretionary), *Clark v. Velsicol Chem. Corp.* 110 N.C.App. 803, 431 S.E.2d 227, 229–230 (1993) (same), *and Kendrick v. City of Eureka*, 82 Cal.App.4th 364, 371, 98 Cal.Rptr.2d 153 (Cal.Ct.App. 2000) (same).

21. Because the Delaware Savings Statute applies to Reid's discretionary appeal, Reid's

argument that his claim is also saved under the fourth prong is moot.

22. *Feldman v. Cutaia*, 951 A.2d 727, 730–31 (Del.2008) (quoting *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 438 (Del.2005)); *accord Wal–Mart Stores, Inc. v. AIG Life Ins. Co.*, 901 A.2d 106, 112 (Del.2006); *VLIW Tech., LLC v. Hewlett–Packard Co.*, 840 A.2d 606, 610 (Del.2003).

23. *Feldman*, 951 A.2d at 731 (quoting *VLIW Tech.*, 840 A.2d at 610–11); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).

24. *See* 2 POMEROY'S EQUITY JURISPRUDENCE §§ 418, 419 (5th ed. 1941); *accord Adams v. Jankouskas*, 452 A.2d 148, 157 (Del.1982).

25. *U.S. Cellular Inv. Co. v. Bell Atlantic Mobile Sys., Inc.*, 677 A.2d 497, 502 (Del.1996); *see also Homestore, Inc. v. Tafeen*, 888 A.2d 204, 210 (Del.2005); *Fike v. Ruger*, 752 A.2d 112 (Del.2000); *Wright v. Scotton*, 121 A. 69, 72–73 (Del.1923); *Hudson v. Layton*, 5 Del. (5 Harr.) 74, 1848 WL 815, at *13 (Del.1848). *See generally* 2 POMEROY, *supra* note 25, § 419.

ment of three things: first, knowledge by the claimant; second, unreasonable delay in bringing the claim, and third, resulting prejudice to the defendant." [26]

 Although both laches and statutes of limitation operate to time-bar suits, the limitations of actions applicable in a court of law are not controlling in equity.[27] A court of equity moves upon considerations of conscience, good faith, and reasonable diligence.[28] Thus, although a statute of limitations defense is premised solely on the passage of time, the lapse of time between the challenged conduct and the filing of a suit to prevent or correct the wrong is not, in itself, determinative of laches.[29] Instead, the laches inquiry is principally whether it is inequitable to permit a claim to be enforced, the touchstone of which is inexcusable delay leading to an adverse change in the condition or relations of the property or the parties.[30] "Under ordinary circumstances, a suit in equity will not be stayed for laches before, and will be stayed after, the time fixed by the analogous statute of limitations at law; but, if unusual conditions or extraordinary circumstances make it inequitable to allow the prosecution of a suit after a briefer, or to forbid its maintenance after a longer period than that fixed by the statute, the [court] will not be bound by the statute, but will determine the extraordinary case in accordance with the equities which condition it." [31]

 In holding that Reid's claim was barred by laches, the Court of Chancery erroneously assumed that the statute of limitations barred Reid's action and found no extraordinary circumstances that warranted equitably extending the time to file. Because we have held that Reid's action was timely under the analogous statute of limitations by virtue of the Delaware Savings Statute, we examine the issue of laches from the opposite point of view. That is, Reid's action will be barred by laches only if unusual conditions or extraordinary circumstances make it inequitable to allow the prosecution of his claim within the time allowed by law.

 In ruling on a motion to dismiss under Court of Chancery Rule 12(b)(6), the Court is generally limited to facts appearing on the face of the pleadings. Accordingly, affirmative defenses, such as laches, are not ordinarily well-suited for treatment on such a motion.[32] Unless it is clear from the face of the complaint that an affirmative defense exists and that the plaintiff can prove no set of facts to avoid it, dismissal of the com-

---

26. *Homestore*, 888 A.2d at 210 (citing *Fike*, 752 A.2d at 113); *accord Hudak v. Procek*, 806 A.2d 140, 158 (Del.2002) (Holland, J., dissenting); *U.S. Cellular*, 677 A.2d at 502.

27. *Adams*, 452 A.2d at 157; *see also* 2 POMEROY, *supra* note 25, § 419a.

28. *See Smith v. Clay*, (1767) 3 Brown Ch. 639 n. (Camden, L.Ch.); *accord Bowman v. Wathen*, 42 U.S. (1 How.) 189, 193, 11 L.Ed. 97 (1843); *Hudak*, 806 A.2d at 158; *Adams*, 452 A.2d at 157.

29. *Adams*, 452 A.2d at 157 (quoting *Federal United Corp. v. Havender*, 11 A.2d 331, 343 (Del.1940)); *see also U.S. Cellular*, 677 A.2d at 502; 2 POMEROY, *supra* note 25, § 419d.

30. *Id.; see also* 2 POMEROY, *supra* note 25, § 419d

31. *Wright*, 121 A. at 72–73; *see also Adams*, 452 A.2d at 157; *U.S. Cellular*, 677 A.2d at 502; 2 POMEROY, *supra* note 25, § 419a

32. *Malpiede v. Townson*, 780 A.2d 1075, 1082–83 (Del.2001); *see also Merrill Lynch Trust Co., FSB v. Campbell*, 2007 WL 2069867, at *3 (Del.Ch. July 11, 2007).

plaint based upon an affirmative defense is inappropriate.[33]

Viewing the record in the light most favorable to Reid, there are no unusual conditions or extraordinary circumstances, apart from the length of the Texas litigation. Although nearly a decade elapsed from the time his cause of action accrued until Reid filed this action in 2007, most of that delay is attributable to the Texas litigation itself and the appeals which followed. Far from sitting on his rights, Reid promptly and vigorously pursued them—with both parties seeking appellate review of adverse rulings.[34]

Taking all inferences in favor of Reid, we must infer that he has acted in good faith and with reasonable diligence. As a result of the Texas litigation, Appellees have been on notice for years that Reid intended to pursue his rights vigorously. While the passage of time inevitably results in some prejudice to all parties, our General Assembly has provided a reasonable extension of one year for certain claims that are preserved by the Savings Statutes so they may be decided on their merits.[35] Here, the affirmative defense of laches does not clearly appear from the allegations of the complaint. Specifically, the complaint itself does not show unusual conditions or extraordinary circumstances that make it inequitable to allow the prosecution of Reid's claim. Accordingly, the Court of Chancery erred in dismissing the complaint as barred by laches under Rule 12(b)(6).[36]

## IV. Conclusion

The judgment of the Court of Chancery is **REVERSED** and this matter is **RE-**

---

**33.** *See Malpiede*, 780 A.2d at 1083; *Merrill Lynch*, 2007 WL 2069867, at *3. *Cf. Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 657–58 (3d Cir.2003) (Because facts necessary to establish affirmative defenses had to come from matters outside complaint and thus did not appear on face of complaint, neither affirmative defense could be adjudicated on Rule 12(b)(6) motion); *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir.2002) (limitations defense may be raised on a motion under Rule 12(b)(6) *"only* if the time alleged *in the statement of a claim* shows that the cause of action has not been brought within the statute of limitations")* (emphasis added); *Lennon v. Seaman*, 63 F.Supp.2d 428, 438–39 (S.D.N.Y.1999) (court may consider defense of laches on motion to dismiss when it is clear on face of complaint and when it is clear that plaintiff can prove no set of facts to avoid insuperable bar). *See generally* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 ("As the case law makes clear, the complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy; but for this to occur, the applicability of the defense has to be clearly indicated and must appear on the face of the pleading to be used as the basis for the motion.")

**34.** Appellees' argue that Reid should have abandoned the Texas litigation and filed suit in Delaware as early as 2003, when the intermediate appellate court reversed the trial court's judgment in his favor. However, this argument accepted would encourage the wasteful and inefficient placeholder litigation that the Savings Statute is designed to prevent.

**35.** *Cf. Chaplake Holdings, Ltd. v. Chrysler Corp.*, 766 A.2d 1, 6 (Del.2001) ("Statutes of limitation are designed to avoid the undue prejudice that could befall defendants, after the passage of an unreasonable amount of time. . . .")

**36.** *See Harman v. Masoneilan, International, Inc.*, 442 A.2d 487, 501–03 (Del.1982) (reversing Court of Chancery's ruling on a motion to dismiss that plaintiff's claim was barred by laches when the plaintiff's complaint raised at least a justiciable issue as to the timeliness of the suit and the court went outside the complaint to obtain facts on which to base its ruling).

**MANDED** for further proceedings consistent with this Opinion.