IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDREA C. BECK, | § | |
| | § | No. 481, 2019 |
| Plaintiff Below, Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| JOHN A. GREIM, ANNA MARIE | § | C.A. No. K16C-12-001 |
| HANNA, JEFFREY R. HORVAT, | § | |
| AMY E. RETZLAFF, and PETER M. | § | |
| RETZLAFF, | § | |
| | § | |
| Defendants Below, Appellees. | § | |

Submitted: June 12, 2020
Decided:   July 30, 2020

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

**O R D E R**

After consideration of the parties' briefs and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Superior Court's decision dated October 22, 2019. Although the timely filing of a lawsuit in another court sometimes tolls the statute of limitations "in certain instances where the plaintiff . . . is procedurally barred from obtaining a resolution on the merits,"[1] the later-filed lawsuit must be "for the same cause of action" as the earlier-filed lawsuit.[2] The appellant's complaint in the Court of Chancery arose from many of

---

[1] *Reid v. Spazio*, 970 A.2d 176, 180 (Del, 2009).
[2] 10 *Del. C.* § 8118(a).

the same facts asserted in this case, but it did not state claims for defamation or seek damages for defamation or any other personal injury. As to the appellant's request for indemnification, the appellant did not timely seek reargument of this Court's previous denial of that request and, in any event, the Court of Chancery—not the Superior Court—has "exclusive jurisdiction to hear and determine all actions for advancement of expenses or indemnification brought under this section or under any bylaw, agreement, vote of stockholders or disinterested directors, or otherwise."[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] 8 *Del. C.* § 145(k).