COURT OF CHANCERY
OF THE
STATE OF DELAWARE

SELENA E. MOLINA
MASTER IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report: December 30, 2022
Date Submitted:  September 21, 2022

Marta M. Dybowski, Esquire
Denise D. Nordheimer, Esquire
The Law Office of Denise D.
Nordheimer, Esquire, LLC
2001 Baynard Boulevard
Wilmington, DE 19802

Timothy S. Ferry, Esquire
Ferry Joseph, P.A.
1521 Concord Pike, Suite 202
Wilmington, DE 19803

Re:     *In the Matter of the Lost Will of Elizabeth R. Clark,*
        C.A. No. 2022-0181-SEM

Dear Counsel:

The question before me is whether to dismiss this action at the pleadings stage

for laches.  A laches defense is fact intensive and not ripe for disposition on the

pleadings, unless the moving party demonstrates that laches is clear on the face of

the pleadings.  For the reasons explained herein, I find laches is not clear on the face

of the pleadings and the motion for judgment on the pleadings should be denied. I

further find this case appropriate for referral to mandatory mediation.

This is my final report.

## I.     BACKGROUND[1]

This action relates to the estate of the late Elizabeth R. Clark (the "Decedent"), who died on October 15, 2004.[2]  The Decedent was survived by her daughter, Jocelyn N. Raison, and her grandson, Bernard L. Hall (the "Petitioner").[3]  Through this litigation, the Petitioner is seeking to admit a copy of a purported last will and testament of the Decedent (the "Purported Will") to probate.

The Purported Will was executed on May 7, 1998 and was drafted and notarized by the Honorable Leonard L. Williams.[4]  Judge Williams attended the Decedent's funeral and, at that time, provided the Purported Will to the Decedent's family.  Judge Williams gave a copy of the Purported Will to the Petitioner and, the Petitioner believes, gave the original to Ms. Raison.[5]  But neither Judge Williams, Ms. Raison, nor the Petitioner ever opened an estate for the Decedent or sought to admit the original version of the Purported Will to probate.

---

[1] On this motion for judgment on the pleadings, I accept "the well-pled facts in the [amended petition] as true, and view[] those facts and any inferences drawn therefrom in the light most favorable to the non-moving party"—here, the petitioner. *Meades v. Wilm. Hous. Auth.*, 2003 WL 939863, at *2 (Del. Ch. Mar. 6, 2003).  *See* Docket Item ("D.I.") 3. *But see* D.I. 12 (reflecting the allegations in dispute).

[2] D.I. 3 ¶1.

[3] *See id.* at ¶¶1, 3

[4] *Id.* at Ex. A

[5] D.I. 3 ¶3.

It appears that responsibility fell squarely on Ms. Raison. Although the Purported Will named the Decedent's husband as executor of her estate, he predeceased the Decedent, leaving Ms. Raison as the successor executrix.[6] Ms. Raison was thus charged with probating the Purported Will according to its terms. In pertinent part, those terms include that "all [of the Decedent's] property, real and personal and wheresoever situate, including [the Decedent's] residence situate at 22 West 41st Street, Wilmington, Delaware" pass to Ms. Raison and the Petitioner "as joint tenants with right of survivorship and not as tenants in common."[7] Because the Decedent's estate was not probated, the Decedent's property at 22 West 41st Street in Wilmington, Delaware (the "Property"), was never retitled; it remains titled in the name of the Decedent and her late husband, Mr. Clark.[8]

Judge Williams and Ms. Raison have since passed. Judge Williams died in 2013 and Ms. Raison passed on October 8, 2021, survived by the Petitioner.[9] Ms. Raison left behind a last will and testament dated September 3, 2021, through which

---

[6] *Id.* at ¶4, Ex. A.

[7] *Id.*

[8] D.I. 3 ¶10.

[9] *Id.* at ¶¶2, 4; *In re Jocelyn N. Raison*, 179762 ("ROW"), D.I. 5. *See Arot v. Lardani*, 2018 WL 5430297, at *1 n.6 (Del. Ch. Oct. 29, 2018) (citing 12 *Del. C.* § 2501; Del. R. Evid. 202(d)(1)(C)) ("Because the Register of Wills is a Clerk of the Court of Chancery, filings with the Register of Wills are subject to judicial notice.").

she left her fiancé, Jerome Lewis (the "Movant"), a life estate in the Property.[10] In her will, Ms. Raison named the Petitioner and the Movant (together, the "Parties") as co-executors.[11] Ms. Raison's will was admitted to probate on January 18, 2022 and letters were issued to the Parties.[12]

Administration of Ms. Raison's estate is complicated by the failure to probate the Decedent's estate through the Purported Will or intestate. To date, the original of the Purported Will has not been found.[13] Thus, on February 25, 2022, the Petitioner filed a petition to admit his copy of the Purported Will, in lieu of the original, to probate.[14] A hearing was originally scheduled for May 10, 2022 but was cancelled after the Petitioner filed an amended petition identifying, for the first time, that the Movant was an interested party.[15]

I ordered the Petitioner to serve the Movant, which was accomplished on April 28, 2022.[16] With no response on file, the Petitioner filed a motion for default

---

[10] D.I. 3 ¶9; ROW D.I. 6.

[11] *Id.* at Ex. B.

[12] D.I. 3 ¶9.

[13] D.I. 3 ¶5.

[14] D.I. 1.

[15] D.I. 2-4.

[16] D.I. 4, 7.

judgment on June 16, 2022.[17]  The Movant filed an opposition to the motion for default judgment on June 23, 2022 explaining the Parties were engaged in settlement discussions and the Movant was prepared to cure his default.[18]  I denied the motion for default judgment through an order dated July 14, 2022 finding the extreme remedy of judgment by default was not warranted; I further directed the Movant to respond to the amended petition within five (5) days.[19]  The Movant complied and filed an answer to the amended petition on July 15, 2022.[20]  In his answer, the Movant asserted several affirmative defenses including laches.[21]

On August 23, 2022, the Movant filed a motion for judgment on the pleadings (the "Motion").[22]  The Motion was fully briefed on September 21, 2022, at which time the Motion was submitted for my consideration.[23]

---

[17] D.I. 9.

[18] D.I. 10.

[19] D.I. 11.  The docket entry reflects the judicial officer issuing the order was Vice Chancellor Zurn, which is not accurate and appears to be the product of a technological glitch. *Id.*

[20] D.I. 12.

[21] D.I. 12.

[22] D.I. 13.

[23] D.I. 14-15.

## II.    ANALYSIS

Under Court of Chancery Rule 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  "A motion for judgment on the pleadings may be granted only when no material issue of fact exists and the movant is entitled to judgment as a matter of law."[24]  In my analysis, I am "required to view the facts pleaded and the inferences to be drawn from such facts in a light most favorable to the non-moving party[;]" here, the Petitioner.[25]

The Movant argues that judgment should be granted in his favor because the Petitioner's claim is barred by the doctrine of laches.   "The equitable doctrine of laches 'prevent[s] someone who slumbers on her rights and delays unreasonably in filing suit from being permitted to prosecute her claims.'"[26]  Thus, the Movant's laches defense requires that I consider "when the [Petitioner] learned of the claim, whether he pursued the claim thereafter without unreasonable delay and whether any

---

[24] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, LP*, 624 A.2d 1199, 1205 (Del. 1993) (citations omitted).

[25] *Id.* (citations omitted).

[26] *HUMC Holdco, LLC v. MPT of Hoboken TRS, LLC*, 2022 WL 3010640, at *11 (Del. Ch. July 29, 2022) (quoting *TrustCo Bank v. Mathews*, 2015 WL 295373, at *5 (Del. Ch. Jan. 22, 2015)).

delay in filing has resulted in prejudice to the [Movant]."[27]  But, as the Movant recognizes "a laches defense is often fact-intensive and, therefore, not readily susceptible to adjudication at the pleadings stage."[28]  This Court will dismiss at the pleadings stage, however, when "it is clear from the face of the [pleadings] that [laches] exists and that the [pleader] can prove no set of facts to avoid it[.]"[29]

I find *Kim v. Coupang, LLC* instructive in determining whether there is such clarity.[30]  Therein, Vice Chancellor Slights closely reviewed the pleadings before him and found the plaintiff's claims could have accrued in 2011, 2015, or 2020, only the latter of which would fall within the analogous statute of limitations.  "Because the accrual date [wa]s not 'ascertainable from the face of the complaint,' and because [the moving party bore] the burden of demonstrating the accrual date as part of its laches defense, the Court [wa]s not able to adjudicate that defense on [a] motion to dismiss."[31]

The same is true here.  The accrual date of the Petitioner's claim—which the Parties agree does not have an analogous statute of limitations—is unclear from the

---

[27] *Kim v. Coupang, LLC*, 2021 WL 3671136, at *3 (Del. Ch. Aug. 19, 2021).

[28] *Id.* at *2.

[29] *Reid v. Spazio*, 970 A.2d 176, 183 (Del. 2009).

[30] *Kim v. Coupang, LLC*, 2021 WL 3671136, at *3-*6.

[31] *Id.* at *6.

pleadings.[32] The Movant argues the Petitioner's claim accrued in or around the Decedent's death, when the Petitioner received his copy of the Purported Will and failed to provide the Purported Will to the Register of Wills within the 10-day period under 12 *Del. C.* § 1301(a) or seek to administer the Decedent's estate after the 60-day period in 12 *Del. C.* § 1505(d). By failing to take these actions, the Movant argues, the Petitioner allowed his interest in the Decedent's estate, and particularly the Property, "to linger unresolved" for eighteen years before filing this action.[33]

But knowledge of the Purported Will is not the same as knowledge of the instant claim to admit a copy of the Purported Will to probate.[34] The Movant's argument assumes that the Petitioner knew or should have known that the Decedent's estate was not probated and his interest in the Property was unresolved in 2004 or during any of the statutory periods referenced. That is not clear on the face of the pleadings.

---

[32] "Where no analogous limitations period exists, . . . the Court relies entirely on the traditional principles of laches[;]" which include equitable considerations of "conscience, good faith and reasonable diligence." *Kraft v. WisdomTree Invs., Inc.*, 145 A.3d 969, 979 (Del. Ch. 2016), *Fed. United Corp. v. Havender*, 11 A.2d 331, 345 (Del. 1940).

[33] D.I. 15.

[34] *See Houseman v. Sagerman*, 2014 WL 1600724, at *14 (Del. Ch. Apr. 16, 2014) (denying a pleadings stage motion to dismiss where the pleader knew of the challenged transaction many years before filing but "they did not know they could seek a quasi-appraisal remedy under Delaware law", rendering accrual a factual issue better resolved on an evidentiary record).

Taking the facts in a light most favorable to the Petitioner, the Petitioner reasonably could have assumed Ms. Raison was handling the estate and that he need not act. It is unclear when the Petitioner first became aware (or should have been aware) that Ms. Raison had not so acted and that his purported interest in the Property was unconfirmed, compelling him to act with alacrity. That fact-intensive inquiry cannot be resolved on the pleadings. Because the Movant bore the burden of demonstrating when the Petitioner's claim accrued and failed to do so, dismissal for laches is not appropriate.[35]

The Movant attempts to flip his burden to the Petitioner. As explained by Vice Chancellor Parsons in *Bean v. Fursa Capital Partners, LP*, "[i]f a prima facie basis for laches exists from the face of the complaint, the plaintiff bears the burden to plead specific facts to demonstrate that the analogous statute of limitations was tolled."[36] But this flip is expressly tied to an "analogous statute of limitations" and, consequently, has only been employed by this Court where there was an analogous

---

[35] Without an accrual date, I cannot address the reasonableness of any delay in filing this action. And, without a finding of unreasonable delay, I find I need not address prejudice to the Movant, although such argument was the Movant's most persuasive.

[36] *Bean v. Fursa Capital Ps., LP*, 2013 WL 755792, at *6 (Del. Ch. Feb. 28, 2013) (citing *In re Dean Witter P'ship Litig.*, 1998 WL 442456, at *6 (Del. Ch. July 17, 1998), *aff'd*, 725 A.2d 441 (Del. 1999) (explaining "[a]s the party asserting that tolling applies, plaintiffs bear the burden of pleading specific facts to demonstrate that the statute of limitations was, in fact, tolled")).

statute of limitations.[37]  Here, with no analogous statute of limitations, I find the burden remains with the Movant and he has failed to meet it.

## III. CONCLUSION

For the above reasons, I find that the Motion should be denied.  The Movant failed to demonstrate that laches is clear on the face of the pleadings.  What is clear on the face of the pleadings is that the underlying issue is well poised for mediation. Thus, this matter is referred to mandatory mediation under Court of Chancery Rule 174(c)(1) with a non-judicial mediator. The Parties shall select a mediator by stipulation within twenty (20) days; if they are unable to agree, I will appoint a mediator by separate order.

---

[37] *See, e.g.*, *Chertok v. Zillow, Inc.*, 2021 WL 4851816, at \*6 (Del. Ch. Oct. 18, 2021), *aff'd*, 277 A.3d 1258 (Del. 2022), *reargument denied* (June 23, 2022); *Fannin v. UMTH Land Dev., LP*, 2020 WL 4384230, at \*13 (Del. Ch. July 31, 2020), *cert. denied*, 2020 WL 5198356 (Del. Ch. Aug. 28, 2020), *and appeal refused sub nom. Etter v. Fannin*, 238 A.3d 193 (Del. 2020); *Silverberg v. Padda*, 2019 WL 4566909, at \*9 (Del. Ch. Sept. 19, 2019); *In re Estate of du Pont Dean*, 2017 WL 3189552, at \*7 (Del. Ch. July 13, 2017); *CMS Inv. Holdings, LLC v. Castle*, 2016 WL 4411328, at \*4 (Del. Ch. Aug. 19, 2016).  *See also Akrout v. Jarkoy*, 2018 WL 3361401, at \*11 (Del. Ch. July 10, 2018) (suggesting that a pleadings stage dismissal is most appropriate when there is an analogous statute of limitations in play).

This is my final report and exceptions are stayed under Court of Chancery

Rule 144 pending mediation under Rule 174.

Respectfully submitted,

/s/ *Selena E. Molina*

Master in Chancery