**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

ROBERT BOYD FITZGERALD, )
)
       Plaintiff, )
)
       v. )   C.A. No. 2023-1159-BWD
)
FITZGERALD HOME FARM, LLC, )
KIRBY FITZGERALD, MEGHAN )
FITZGERALD, and JEFFREY )
SEMANS, )
)
       Defendants. )

## ORDER GRANTING MOTION TO DISMISS

WHEREAS:

A.     On June 3, 2019, plaintiff Robert Boyd Fitzgerald ("Plaintiff") initiated an action before this Court, captioned *Fitzgerald v. Fitzgerald Home Farm, LLC*, C.A. No. 2019-0410-PWG (Del. Ch.) (the "First Action").[1]  In the First Action, Plaintiff alleged that he and three other siblings were members of Fitzgerald Home Farm, LLC (the "Company").  *Fitzgerald v. Fitzgerald Home Farm, LLC*, 2021 WL 1514385, at *1 (Del. Ch. Apr. 16, 2021), *R. & R. adopted*, (Del. Ch.).  In 2010, however, Plaintiff sent a letter to his brother Kirby expressing his desire to stop

---

[1] The Court takes judicial notice of filings in the First Action. *See Stanco v. Rallye Motors Hldg., LLC*, 2019 WL 7161338, at *2 (Del. Ch. Dec. 23, 2019) ("When reviewing a motion to dismiss, the Court . . . may take judicial notice of relevant public filings.'" (quoting *Fairthorne Maint. Corp. v. Ramunno*, 2007 WL 2214318, at *4 (Del. Ch. Jul. 20, 2007)). Docket entries in the First Action are cited as "First Dkt. __".

receiving payments from the Company. *Id.* Plaintiff alleged that his letter was misinterpreted or misconstrued as a voluntary withdrawal, and thereafter, the Company improperly refused to recognize him as a member. *Id.* at *2. As relief, Plaintiff sought reinstatement as a member of the Company, as well as damages in the amount of distributions he should have received during the period the Company improperly refused to recognize him as a member. *Id.*

B.      On March 24, 2021, Magistrate Griffin held a remote trial in the First Action. *Id.* at *1. On April 16, 2021, Magistrate Griffin issued her post-trial final report (the "Final Report"), concluding that Plaintiff's challenge to his purported removal as a member of the Company was barred by the equitable doctrine of laches, as he was on inquiry notice of his claims no later than 2012. *Id.* at *5. Magistrate Griffin, therefore, recommended that the Court dismiss the First Action with prejudice. *Id.*

C.      The parties did not file exceptions to the Final Report, which Chancellor Bouchard adopted on May 1, 2021. First Dkt. 25.

D.      On November 15, 2023, Plaintiff initiated this action through the filing of a Verified Complaint (the "Complaint"). Compl., Dkt. 1. The Complaint alleges that Plaintiff's 2010 letter was not intended as a voluntary withdrawal from the Company, and that his siblings have engaged in fraudulent conduct. *Id.* ¶¶ 2-3. Plaintiff seeks reinstatement as a member of the Company, damages representing

2

distributions he should have received during the period the Company refused to recognize him as a member, and punitive damages. *Id*. at 2.

E.    On December 14, 2023, defendants Kirby Fitzgerald, Meghan Fitzgerald, Jeffrey Semans, and the Company ("Defendants") moved to dismiss the Complaint (the "Motion to Dismiss"). Defs.' Mot. To Dismiss Verified Compl., Dkt. 5. On February 5, 2024, Plaintiff filed a letter with the Court responding to the Motion to Dismiss. Pl.'s Letter [hereinafter, "AB"], Dkt. 11. On February 13, 2024, Defendants filed a reply in further support of the Motion to Dismiss. Defs.' Reply In Supp. Of Their Mot. To Dismiss Pl.'s Verified Compl., Dkt. 14.

NOW, THEREFORE, IT IS HEREBY ORDERED, this 12th day of March, 2024, as follows:

1.    Defendants have moved to dismiss under Court of Chancery Rule 12(b)(6) for failure to state a claim, arguing the claims raised in the Complaint are barred by *res judicata*. When reviewing a motion to dismiss under Rule 12(b)(6), Delaware courts "(1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as 'well-pleaded' if they give the opposing party notice of the claim; [and] (3) draw all reasonable inferences in favor of the non-moving party . . . ." *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011). "When a defendant asserts an affirmative defense, like *res judicata*, as a basis for pleading stage dismissal, that motion to dismiss will be granted only if

3

'the plaintiff can prove no set of facts to avoid it . . . .'" *Fortis Advisors LLC v. Shire US Hldgs., Inc.*, 2020 WL 748660, at *3 (Del. Ch. Feb. 13, 2020) (ellipsis in original) (footnote omitted) (quoting *Reid v. Spazio*, 970 A.2d 176, 183-84 (Del. 2009)).

2.      The doctrine of *res judicata* "is judicially-created and is based on public policy requiring a definite end to litigation. . . . The doctrine of *res judicata* exists for many reasons, but among the most important are to prevent vexatious litigation and to promote the stability and finality of judicial decrees." *Maldonado v. Flynn*, 417 A.2d 378, 381 (Del. Ch. 1980).

> *Res judicata* operates to bar a claim where the following five-part test is satisfied: (1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; and (5) the decree in the prior action was a final decree.

*Dover Hist. Soc., Inc. v. City of Dover Plan. Comm'n*, 902 A.2d 1084, 1092 (Del. 2006). "The bar of *res judicata* applies to all theories which were or could have been litigated in the earlier proceeding." *Showalter v. Cnty. Council of Sussex*, 1984 WL 159374, at *2 (Del. Ch. Dec. 13, 1984).

3.      Here, *res judicata* bars the claims raised in the Complaint. This Court had jurisdiction over the First Action. The Complaint raises precisely the same issues that were raised in the First Action. Those issues were decided adversely to

4

Plaintiff in the Final Report. And the Final Report became a final order of the Court upon its adoption by the Chancellor.

4. The parties in this action and the First Action are not identical. In the First Action, Plaintiff named only the Company and Kirby as defendants. *See Fitzgerald*, 2021 WL 1514385, at \*1-2. In this action, Plaintiff has added two other siblings, Meghan Fitzgerald and Jeffrey Semans, as defendants. But the prior defendants are in privity with the new defendants, whose interests were closely aligned with and adequately represented by the prior defendants in the First Action. *See Aveta Inc. v. Cavallieri*, 23 A.3d 157, 180 (Del. Ch. 2010) ("Parties are in privity . . . when their interests are identical or closely aligned such that they were actively and adequately represented in the first suit.").

5. In his opposition to the Motion to Dismiss, Plaintiff argues that during the First Action, (1) he did not know Kirby had shared his withdrawal letter with his other siblings, (2) he did not understand the implications of the Company's operating agreement, and (3) he was "too gentle" on Kirby, which "could have been a lapse of business judgment." AB at 2-4. These arguments confirm that Plaintiff's "past and present claims arise from the same transaction" and "'the pleadings framing the issues in the first action . . . would have permitted the raising of the issue[s] sought to be raised in [this] action, and if the facts were known, or could have been known

5

to the plaintiff in the second action at the time of the first action . . . .'" *Fortis*, 2020 WL 748660, at *3 (second ellipsis in original).

6.    Plaintiff also seeks a "mistrial," seemingly because the trial in the First Action was held remotely.   Plaintiff should have raised any such procedural challenges in the First Action; a new action is not the proper vehicle to do so.

7.    Because the Complaint is barred by *res judicata*, the Motion to Dismiss is GRANTED and this action is DISMISSED.

8.    This order is a final report pursuant to Court of Chancery Rules 143 and 144.  Exceptions may be filed within eleven days of the date of this order.

*/s/ Bonnie W. David*

Bonnie W. David
Magistrate in Chancery