**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LOREN MITCHELL
MAGISTRATE IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

May 27, 2026

Kathleen DeLacy, Esquire
Martin D. Page, Esquire
Reger Rizzo & Darnall LLP
1521 Concord Pike, Suite 305
Wilmington, DE 19803

Phillip A. Giordano, Esquire
Madeline R. Silverman, Esquire
Gordon, Fournaris & Mammarella P.A.
1925 Lovering Avenue
Wilmington, DE 19806

RE:    *Erick Rohl v. Stephen Rohl, Trustee of the Adolph E. Rohl Trust*,
       C.A. No. 2025-0381-LM

Dear Counsel:

As you are aware, Plaintiff Erick Rohl ("Plaintiff") brings claims against Defendant Stephen Rohl ("Defendant"), individually and as trustee of the Adolph E. Rohl Trust (the "Trust"), for breach of fiduciary duty, breach of trust, and unjust enrichment arising from Defendant's administration of Trust assets following the death of the settlor, Adolph Rohl, in 2022.[1]  Plaintiff alleges self-dealing and imprudent administration that purportedly conferred improper personal benefits on Defendant.[2]

For the reasons explained below, Defendant's Motion to Dismiss is **DENIED.**

---

[1]  Docket Item ("D.I.") 1.

[2]  *Id.*

The Defendant seeks dismissal under Court of Chancery Rules 12(b)(1) and 12(b)(6).[3] Defendant argues that Plaintiff's claims are barred by 12 Del. C. § 3585 ("Section 3585") because in Defendant's view, Plaintiff received disclosures sufficient to trigger the statute's one-year period.[4] Defendant contends that Section 3585 operates as a statute of repose depriving this Court of subject matter jurisdiction.[5] Plaintiff disputes both the characterization of Section 3585 and the sufficiency of any disclosures.[6]

"When reviewing a ruling on a motion to dismiss, we (1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as 'well pleaded' if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) do not affirm a dismissal unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances."[7] Defendant's motion depends upon findings that the accounting materials adequately disclosed the facts constituting Plaintiff's claims and that those disclosures triggered Section 3585 as a matter of law. The present record does not

---

[3] *See* D.I. 9.

[4] 12 Del. C. § 3585 (b).

[5] *See* D.I. 9. at 9.

[6] *See* D.I. 11.

[7] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).

permit those conclusions. At this stage, the Court's task is limited to the well-pleaded allegations and documents integral to or incorporated in the complaint; it cannot resolve factual disputes about what was disclosed or when on a motion to dismiss.

Section 3585 limits claims arising out of a "report that adequately disclosed the facts constituting a claim" to one year from the date the report was sent, but only if the report adequately discloses the facts constituting the claim.[8] Here, Plaintiff alleges self-dealing, imprudent administration, and improper personal benefit arising from Defendant's conduct as trustee.[9] Whether a report 'adequately disclosed' the fiduciary misconduct alleged is a fact-intensive inquiry ill-suited for resolution on a motion to dismiss.[10] Although Defendant points to accounting records and settlement statements that it contends reflect the challenged transactions, the existence of those disclosures alone does not establish, at the pleadings stage, that Plaintiff was adequately informed of the alleged fiduciary misconduct.

---

[8] 12 Del. C. § 3585(a)(1).

[9] *See generally* D.I. 1.

[10] *See Firefighters' Pension Sys. of City of Kansas City, Mo. Tr. v. Presidio, Inc.*, 251 A.3d 212, 261 (Del. Ch. 2021) ("The resulting inquiry is necessarily 'fact intensive, and the Court should deny a motion to dismiss when developing the factual record may be necessary to make a materiality determination as a matter of law.'").

Next, Defendant invokes Rule 12(b)(1) to request the Court to consider evidence outside the pleadings.[11]  But that principle applies only if the challenged statute implicates subject matter jurisdiction.  Here, the Court is not persuaded, at this stage, that Section 3585 clearly operates as a jurisdictional statute of repose rather than a limitations provision applicable to trust claims; the question remains unsettled in Delaware as applied to Section 3585.  Because the Court is not persuaded that Section 3585 clearly operates as a jurisdictional bar, it evaluates the motion under Rule 12(b)(6) rather than Rule 12(b)(1).  The Court declines to convert this motion to one for summary judgment.[12]

Even assuming Section 3585 functions as a limitations provision, Defendant has not conclusively established that Plaintiff's claims are untimely.  On the pleadings, the Court cannot conclude that any report 'adequately disclosed' the facts constituting the alleged self-dealing and imprudent administration to start the one-year period.  Plaintiff filed within three years of the alleged misconduct, and at this stage, the analogous three-year limitations period under 10 Del. C. § 8106 supplies at least a plausible limitations framework for fiduciary duty and unjust enrichment

---

[11]  *See* D.I. 9 at 9–10.

[12]  Court of Chancery Rule 12(b) allows the Court to treat a motion to dismiss a complaint under 12(b)(6) as one for summary judgment if a defendant relies on matters outside of the pleadings when moving to dismiss a complaint. *See* Ct. Ch. R. 12(b).

claims.[13] At minimum, factual questions remain concerning the adequacy of the disclosures, Plaintiff's notice of the alleged wrongdoing, and whether equitable doctrines may affect the timeliness analysis. Those questions include what information the accounting and settlement statements conveyed, whether the disclosures identified the alleged fiduciary misconduct, and when Plaintiff received them.

The Court also declines to dismiss the claims under laches. "[L]aches generally requires the establishment of three things: first, knowledge by the claimant; second, unreasonable delay in bringing the claim, and third, resulting prejudice to the defendant."[14] Whether Plaintiff had knowledge, whether any delay was unreasonable, and whether prejudice resulted are all fact questions not apparent from the face of the complaint. Those issues are ordinarily fact-intensive and not suitable for resolution on the pleadings unless the defense is clear from the face of the complaint.[15] That is not the case here.

Finally, the breach of trust and unjust enrichment claims are adequately pled.

---

[13] 10 Del. C. § 8106.

[14] *Reid v. Spazio*, 970 A.2d 176, 182–83 (Del. 2009).

[15] *See Quiller v. Barclays American/Credit, Inc., 11th Cir.*, 727 F.2d 1067, 1069 (1984) ("Nevertheless, a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint.").

These allegations, taken as true and with all reasonable inferences drawn in Plaintiff's favor, state claims that are not foreclosed by the asserted limitations defenses on the current record. Plaintiff alleges that Defendant acted inconsistently with the terms of the Trust Agreement and personally benefited from challenged transactions involving Trust assets.[16] At this stage, the Court cannot conclude those claims fail as a matter of law. The same is true of the breach of fiduciary duty claim to the extent premised on self-dealing and improper personal benefit.

For these reasons, Defendant's Motion to Dismiss is **DENIED.**

Sincerely,

*/s/ Loren Mitchell*

Magistrate in Chancery

---

[16] *See* D.I. 1.