**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

Leonard Williams Justice Center
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: July 12, 2018
Date Decided:  October 31, 2018

Kurt M. Heyman, Esquire
Aaron M. Nelson, Esquire
Heyman Enerio Gattuso & Hirzel LLP
300 Delaware Avenue, Suite 200
Wilmington, DE  19801

Eric Lopez Schnabel, Esquire
Robert W. Mallard, Esquire
Alessandra Glorioso, Esquire
Dorsey & Whitney LLP
300 Delaware Avenue, Suite 1010
Wilmington, DE  19801

RE:   ***W. Jerome Frautschi et al. v. Ecolab, Inc.***
      Civil Action No. 12951-VCMR

Dear Counsel:

This letter opinion addresses Plaintiffs' Motion for Summary Judgment.  For

the reasons stated below, the motion is denied as to W. Jerome Frautschi's claims. [1]

## I.   BACKGROUND

The facts in this opinion derive from the pleadings, the parties' submitted

affidavits, and exhibits cited therein.[2]

---

[1]   I address the claims of the Pleasant T. Rowland Revocable Trust and the W. Jerome Frautschi Living Trust, plaintiffs in this action, in a separate letter opinion issued today.

[2]   Ct. Ch. R. 56(c).

This action involves Frautschi's request for indemnification from Ecolab, Inc. ("Ecolab"), a Delaware corporation in the business of providing water, hygiene, and energy technologies.[3] In February 2008, Ecolab acquired Ecovation, Inc. ("Ecovation" or the "Company") through a merger.[4] Ecovation was a Delaware corporation in the business of providing sustainable wastewater treatment and renewable energy solutions.[5] Diane C. Creel was the President, Chief Executive Officer, and Chair of the Board of Directors of Ecovation.[6] Frautschi served Ecovation as a director from May 2004 until November 2005.[7] Two trusts, the Pleasant T. Rowland Revocable Trust and the W. Jerome Frautschi Living Trust (together, the "Trusts"), invested significantly in the Company when it was struggling financially.[8]

Ecovation provided for indemnification of directors and officers in its Amended and Restated Certificate of Incorporation (the "Charter") and its Bylaws

---

[3] Verified Am. and Supplemental Compl. for Indemnification ¶ 27 ("Compl.").

[4] *Id.* ¶ 4; *id.* Ex. C.

[5] Nelson Aff. Ex. C ¶ 19.

[6] Compl. ¶ 30.

[7] *Id.*

[8] *See id.* ¶ 3.

(the "Bylaws").[9] As part of the merger, Ecolab agreed to provide advancement and indemnification to Ecovation's current and former directors and officers, including Frautschi, to the same extent as those current and former directors and officers were entitled to advancement and indemnification under Ecovation's Charter and Bylaws.[10]

This case involves Frautschi's right to indemnification for fees and expenses incurred in actions filed in the New York Supreme Court (the "*Ahlers* Action") and in the United States District Court for the Western District of New York (the "*ITV* Action").[11] Both underlying actions involved allegations that Creel provided material nonpublic inside information to Frautschi and the Trusts regarding Ecolab's

---

[9] Nelson Aff. Ex. F art. V, § 1, at 9; *id.* Ex. G, at 16-17. Ecovation was formerly known as AnAerobics, Inc.; the Charter and Bylaws reflect the former name.

[10] *Id.* Ex. H § 7.5(a) ("[Ecolab] and [Empire Acquisition, Inc.] jointly and severally agree that all rights to indemnification and advancement of expenses for acts or omissions occurring prior to the [merger] (including acts or omissions in connection with this Agreement and the consummation of the transactions contemplated hereby) now existing in favor of the Company's current and former directors and officers (each a 'D&O Indemnified Party') as provided in the Company's Governing Documents, and in any indemnification agreements with the D&O Indemnified Parties, will survive the Merger and will thereafter continue in full force and effect in accordance with their terms. [Ecolab] and [Empire Acquisition, Inc.] jointly and severally will advance expenses to and indemnify the D&O Indemnified Parties to the same extent as the Indemnified Parties currently are entitled to advancement of expenses and indemnification.").

[11] Compl. ¶ 1.

desire to acquire Ecovation.[12] Allegedly using that information, the Trusts purchased stock from other investors who were not privy to the highly confidential information.[13] According to those investors, the Trusts made a large profit from the inside information when Ecolab acquired Ecovation in February 2008.[14]

In the *Ahlers* Action, the plaintiffs asserted claims for breach of fiduciary duty, interested director transactions, breach of the Charter, and unjust enrichment against Creel, Frautschi, and the Trusts.[15] The defendants prevailed on summary judgment.[16] The New York Appellate Division, Fourth Department, affirmed the trial court's order on June 30, 2017.[17] The parties filed no further appeals.[18]

In the *ITV* Action, the plaintiff asserted claims against Creel, Frautschi, and the Trusts.[19] The claims against Frautschi included claims for breach of fiduciary

---

[12] Nelson Aff. Ex. A ¶¶ 96-102; *id.* Ex. C ¶ 328.

[13] *Id.* Ex. A ¶¶ 106-22; *id.* Ex. C ¶¶ 325-28.

[14] *Id.* Ex. A ¶¶ 128; *see id.* Ex. C ¶¶ 375.

[15] *Id.* Ex. C ¶¶ 391-442.

[16] *Id.* Ex. E, at 29-30; *see generally id.* Exs. D, E.

[17] *Id.* Ex. E.

[18] Compl. ¶ 23.

[19] *See generally* Nelson Aff. Ex. A.

duty, aiding and abetting breach of fiduciary duty, securities fraud, common law fraud, and civil conspiracy.[20]

In April 2017, the parties to the *ITV* Action reached a settlement agreement.[21] The total settlement amount was $4.65 million.[22] Frautschi paid $835,000 of the settlement,[23] and the parties apportioned the remaining amounts to Creel and the Trusts.[24] Ecolab did not contribute any money to the settlement.[25]

Throughout both actions, Ecolab provided advancement of defense costs to Frautschi, first through its directors' and officers' liability policy and later, when that policy was exhausted, from its own funds.[26]

## II.   ANALYSIS

In their Motion for Summary Judgment, Frautschi and the Trusts seek summary judgment on all counts of their Verified Amended and Supplemental

---

[20]   *Id.* ¶¶ 134-39, 155-61, 186-215.

[21]   *See generally* Nelson Aff. Ex. V.

[22]   *Id.* § 2.

[23]   *Id.* § 3(c).

[24]   *Id.* § 3(a), (b), (d).

[25]   Compl. ¶ 92.

[26]   *Id.* ¶¶ 75, 77.

Complaint, including full indemnification of Frautschi's portion of the settlement, indemnification for his attorneys' fees in the *Ahlers* and *ITV* Actions at his counsel's standard hourly rates, and fees-on-fees for this action to enforce his indemnification rights.[27]

## A.    Standard of Review

Summary judgment will be "granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[28] The movant bears the initial burden of demonstrating that there is no question of material fact.[29] When the movant carries that burden, the burden shifts to the nonmoving party "to present some specific, admissible evidence that there is a genuine issue of fact for a trial."[30] When considering a motion for

---

[27]    Pls.' Opening Br. 2. Plaintiffs also seek full indemnification of the Trusts' portions of the settlement, payment of the Trusts' attorneys' fees in the *ITV* and *Ahlers* Actions, and fees-on-fees for this action to enforce their indemnification rights. *Id.* I address those portions of their motion in a separate letter opinion.

[28]    *Twin Bridges Ltd. P'ship v. Draper*, 2007 WL 2744609, at *8 (Del. Ch. Sept. 14, 2007) (citing Ct. Ch. R. 56(c)).

[29]    *Deloitte LLP v. Flanagan*, 2009 WL 5200657, at *3 (Del. Ch. Dec. 29, 2009).

[30]    *Id.* (citing *Watson v. Taylor*, 829 A.2d 936 (TABLE), 2003 WL 21810822, at *2 (Del. Aug. 4, 2003)).

summary judgment, this Court must view the evidence and the inferences drawn from the evidence in the light most favorable to the nonmoving party.[31] Even so, the non-moving party may not rely on allegations or denials in the pleadings to create a material factual dispute.[32]

### B.     Indemnification for Frautschi's Portion of the Settlement

Frautschi claims that under 8 *Del. C.* § 145(a) and Ecovation's Charter and Bylaws, as a former director, he is entitled to indemnification from Ecolab for his portion of the settlement.[33]   Ecolab argues that (1) Frautschi's entitlement to indemnification is limited to claims against him by reason of his former director status, (2) Frautschi has no right to indemnification as a trustee of one of the Trusts, and (3) Frautschi is not entitled to indemnification because the settlement was not "reasonable."[34]

Some of the claims in the *ITV* Action are based on Frautschi's role as a director of Ecovation.  For example, the *ITV* Complaint alleges that Frautschi

---

[31]     *Judah v. Del. Tr. Co.*, 378 A.2d 624, 632 (Del. 1977); *Fike v. Ruger*, 754 A.2d 254, 260 (Del. Ch. 1999), *aff'd*, 752 A.2d 112 (Del. 2000).

[32]     Ct. Ch. R. 56(e).

[33]     Compl. ¶¶ 138-39, 148.

[34]     Def.'s Opp'n Br. 27-32, 36-38, 40-48.

breached the fiduciary duty that he, as a director, owed to the stockholders of Ecovation because he allegedly worked with Creel to induce Ecovation's Board of Directors to accept agreements that were unfavorable to Ecovation's stockholders.[35]

Other claims, however, include allegations that occurred much later in time than the period when Frautschi served as a director, May 2004 to November 2005. For example, the *ITV* Complaint alleges that Frautschi intentionally omitted and actively concealed that Ecovation was negotiating a merger with Ecolab.[36] These alleged negotiations did not start until January 2007, over a year after Frautschi was no longer a director.[37] If Frautschi had such information, it most likely was because he was trustee or agent of the Trusts and in that role helped Ecovation obtain financing from the Trusts.[38]

Frautschi is a trustee of the W. Jerome Frautschi Living Trust.[39] Frautschi argues that any actions he allegedly took after he resigned as director were as trustee

---

[35]     Nelson Aff. Ex. A. ¶¶ 135, 137-38.

[36]     *Id.* ¶¶ 188-90.

[37]     *Id.* ¶¶ 96-100.

[38]     *See id.* ¶ 102.

[39]     Compl. ¶ 155.

of his Trust and that these actions are indemnifiable under the terms of the Trusts' financing to Ecovation.[40]  Frautschi, however, cites no law to support this claim.[41]

Further, Frautschi is a trustee for only one of the two Trusts.[42]  The parties do not explain whether, and in what capacity, Frautschi acted for the second Trust, the Pleasant T. Rowland Revocable Trust.  He may have been acting as trustee or agent, but again, the parties have not provided any documents or law to support or refute Frautschi's claim that he is entitled to indemnification for his actions related to the second Trust.

The Trusts have their principle places of business in Wisconsin,[43] and I presume that Wisconsin trust and agency law governs.  However, neither party has cited any relevant Wisconsin law or argued that another state's law governs.

Because the parties address this issue in such a cursory fashion without supporting documents and law, I am unable to determine whether there is a genuine

---

[40]  Pls.' Opening Br. 26 n.16; *see* Compl. ¶ 157.

[41]  *See* Pls.' Opening Br. 26, 29-30.  Frautschi cites only to the Trusts' source of indemnification.  He fails to explain why that source of indemnification also applies to him.  *Id.* 29-30.

[42]  Compl. ¶¶ 155-56.

[43]  *Id.* ¶¶ 25-26.

dispute of material fact, nor can I decide whether one of the parties is entitled to judgment as a matter of law. This issue directly controls Frautschi's claim for indemnification. Further, this issue affects Frautschi's other two claims, his claim for attorneys' fees incurred in the *Ahlers* and *ITV* Actions and his claim for fees-on-fees in this action.

## III.  CONCLUSION

For the foregoing reasons, I DENY the Motion for Summary Judgment as to Frautschi's claims.

**IT IS SO ORDERED**.

Sincerely,

*/s/Tamika Montgomery-Reeves*

Vice Chancellor

TMR/jp